## KALCKHOFF, Adm'x, vs. ZOEHRLAUT, imp.

CONVERSION: DAMAGES: EVIDENCE. *(1) Measure of damages for conversion of promissory note. (2) Rule as to evidence of accomplice in criminal action, not applicable to conversion.*
REVERSAL OF JUDGMENT. *(3) When errors no ground of reversal. (4) Effect of failure to ask instructions or special verdict.*
NEW TRIAL: *(5) On the ground of surprise.*

1. For the conversion of a note by the accommodation maker, the measure of damages is the value of the note, which is, *prima facie*, the face of it with interest.
2. The complaint in a civil action alleged that defendants, conspiring together to defraud plaintiff, by false pretenses, obtained from her possession of a note made by them, of which she was the owner, and wrongfully converted it. One of the defendants asked an instruction to the effect that, one of his codefendants (whose testimony was adverse to him) " having admitted himself to be guilty of the alleged charge," this went to the credibility of the testimony, and, unless it was corroborated, the jury would be warranted in regarding it with suspicion. *Held*, that the rule

relating to the evidence of an accomplice in a criminal action had no direct application to the case, and the court did not err in refusing the instruction.

3. Errors by which the appellant is not injured if the admissions in his own pleading are true, are not ground of reversal.

4. A party who did not ask for a special verdict or instructions on a question, arising upon the evidence, cannot complain merely because the question was not submitted to the jury.

5. An application to set aside a verdict, and for leave to file an amended answer, etc., on the ground of "surprise," etc., under sec. 38, ch. 125, R. S., is addressed to the discretion of the court; and where the facts relied on in support of such a motion in behalf of an accommodation maker of the note in suit were, that his counsel had overlooked the effect which the discharge in bankruptcy of the principal makers would have upon his contract, and so had failed to set up that defense in their former answer: *Held*, that, whether the proposed answer would contain a defense or not, there was no abuse of discretion in denying the motion.

APPEAL from the County Court of *Milwaukee* County.

Action for a conversion of a promissory note. The case was before this court upon appeal from an order overruling a demurrer to the complaint, and the judgment was affirmed. See 40 Wis., 427. The complaint alleges that the defendants, *Zoehrlaut* and Robert and Ferdinand Kalckhoff, executed their joint and several note to the plaintiff, *Caroline Kalckhoff*, for a loan of money, and afterwards wrongfully converted the same to their own use.

*Zoehrlaut* alone answered, admitting the making of the note, but alleging that, without consideration, he signed as an accommodation surety, at the request of the other defendants and with plaintiff's knowledge, and denying the conversion. Subsequently he amended his answer by alleging an agreement with plaintiff whereby he was to pay certain liabilities of the the other defendants, Robert and Ferdinand Kalckhoff (who were sons of the plaintiff), to an amount exceeding the note, in consideration of her canceling the note; and that this agreement was performed by both parties.

Upon the trial, Robert Kalckhoff testified that he obtained

the note from plaintiff, promising to return it, and handed it for inspection to *Zoehrlaut*, telling him it was to be returned, and never saw it afterwards. Plaintiff testified that Robert obtained the note from her under pretense of showing it to *Zoehrlaut*, promising to return it; that he told her next day he had given it to *Zoehrlaut* and would bring it back, and, a few weeks afterward, told her that *Zoehrlaut* had destroyed it. Ferdinand Kalckhoff testified that he was present with Robert Kalckhoff and *Zoehrlaut* when the latter promised Robert $150 if he would get the note from plaintiff; that Robert afterward brought the note and delivered it to *Zoehrlaut*, who destroyed it in presence of Robert and the witness, and gave Robert his check for $150.

Defendant *Zoehrlaut* testified that he put his name to the note at plaintiff's request, without consideration; and that, to the best of his recollection, he indorsed it as surety. Afterwards, being asked whether he still insisted that he merely indorsed the note, he answered: "That is what I remember. It is the way I make out such papers generally. If I am surety, I never do otherwise." Again he said: "The note was sent to me already made out and signed by the two young men, and I indorsed it. Q. You are perfectly sure of that? A. Yes, sir." He further testified that at plaintiff's request he settled a large amount of the debts of Robert and Ferdinand Kalckhoff, in consideration of which plaintiff agreed to surrender, and did surrender, to him the note. Plaintiff, as a witness in rebuttal, denied such alleged agreement. Defendant also put in evidence the record of proceedings in bankruptcy in the matter of Ferdinand and Robert Kalckhoff, showing their final discharge. The record showed that *Mrs. Kalckhoff* proved claims against said bankrupts to the amount of $4,384.33, and *Zoehrlaut* to the amount of $1,800; but it did not show the character of these claims.

Plaintiff's counsel requested a special verdict upon the following, among other points: 2. Was defendant *Zoehrlaut* an

indorser? 3. Was the note paid? 4. Did it come to *Zoehr-laut's* possession, and was it destroyed as alleged? 5. Was an agreement made between plaintiff and *Zoehrlaut* for its surrender, as set up in his answer?

Among other instructions asked by defendant, the court refused the following: "5. The witness Robert Kalckhoff having admitted himself to be guilty of the alleged charge, this goes to the credibility of his testimony; and it should be carefully considered, and, unless corroborated by other credible evidence, the jury are warranted in regarding it with suspicion."

The court instructed the jury that if they believed any witness had wilfully sworn to an untruth in any material matter, they were at liberty to disregard his entire testimony, unless corroborated by other credible witnesses. The court also stated to the jury that "the defendant *Zoehrlaut* testified in reference to the manner in which he thinks he signed the note; he thinks he indorsed it, but he does not swear positively to that fact."

The jury answered the fourth question, as above stated, affirmatively, and the second, third and fifth negatively. Defendant moved to set aside the verdict and for a new trial, and for leave to file an amended answer, upon an affidavit of his counsel, on the ground of surprise. The affidavit stated, in substance, that the counsel had overlooked, or had not considered, the effect of the discharge in bankruptcy of the principals in the note, upon defendant's contract, and thus had neglected to ask the court for leave to amend the answer before trial by interposing this defense. The motion was overruled, and judgment rendered for plaintiff upon the verdict, for the amount of the note, with interest; from which *Zoehrlaut* appealed.

For the appellant, a brief was filed by *Nathan Pereles & Sons*, and the cause was argued orally by *E. P. Smith*. They contended, 1. That the court erred in not submitting to the

Kalckhoff, Adm'x, vs. Zoehrlaut, imp.

jury, for a special verdict, all the issues in the case *(Hutch-inson v. C. & N. W. R'y Co.*, 41 Wis., 541); and that the question of damages should have been submitted, as also the question whether appellant was an indorser of the note.   2. That the court erred in instructing the jury that *Zoehrlaut* had testified that he thought he indorsed the note, but did not swear positively to that fact.   No one can say that this remark did not swell the damages from nominal damages to the full amount of the note.   *Mowry v. Wood*, 12 Wis., 422; *Hawkins v. Costigan*, 21 id., 547; *Ketchum v. Ebert*, 33 id., 611.   3. That the court erred in refusing to give the instruction asked as to the testimony of the alleged confederate, Ferdinand Kalckhoff.   Judges in their discretion will advise a jury not to convict upon the testimony of an accomplice alone, without corroboration; and it is now so general a rule, that its omission would be regarded as an omission of duty on the part of the judge.   1 Greenl. Ev., § 380; Starkie, p. 27; *People v. Dyle*, 21 N. Y., 579.   4. That the court erred in refusing a new trial upon an amended answer.   *Kennedy v. Waugh*, 23 Wis., 468; *State v. Hæflinger*, 33 id., 598; *Dutcher v. Dutcher*, 39 id., 652.

For the respondent, a brief was filed by *Cotzhausen, Sylvester & Scheiber*, and the cause was argued orally by *Mr. Cotzhausen.*

COLE, J.   A number of errors are assigned for a reversal of the judgment, but we do not deem it necessary to notice them in detail.   In respect to some of the exceptions, it must be borne in mind that the defendant *Zoehrlaut* was an accommodation maker of the note in controversy.   This he substantially admits in his answer.   The comment made by the county judge upon his testimony, which is excepted to, would therefore seem unimportant.   The county judge stated to the jury that *Zoehrlaut* had testified in reference to the manner in which he had signed the note; that the witness thought he

indorsed it, but did not swear positively to that fact. As *Zoehrlaut* had distinctly admitted in his answer that he was an accommodation maker, all question of indorsement was out of the case, and it was immaterial what he had testified to on the subject. And so in regard to the question of damages. If *Zoehrlaut* had wrongfully converted, or destroyed, his own note, why would not the ordinary rule as to damages apply, namely, the amount of the face of the note and interest, as constituting, *prima facie*, the value of the security? We can perceive no reason for adopting a different rule in the case. Of course the defendant had the right to show, in mitigation of damages, any fact, such as part payment, which would legitimately tend to reduce the amount of recovery. In answer to the third question submitted, the jury found that no part of the note had been paid. On the trial, the record in certain bankrupt proceedings was offered in evidence, from which it appeared that the principal makers of the note, Robert and Ferdinand Kalckhoff, had been discharged in bankruptcy, intermediate the conversion of the note and the bringing of this action. It is insisted, that on this evidence the question should have been submitted to the jury, under proper instructions, whether that discharge was not procured by plaintiff's consent, and if that fact were established, it is said, the recovery should have been only nominal. It is a sufficient answer to this argument, to say that the defendant asked no special verdict, nor instruction, upon any such issue or question, as he should have done to raise the point now made. Besides, it was conceded that it does not appear in the record of the bankrupt proceedings that this note was proven as a claim against the estate of the bankrupts. So the question as to what effect should be given in this action against one wrong-doer, to a discharge in bankruptcy of another wrong-doer, by consent of the plaintiff, is not presented nor considered.

A further exception was taken to the refusal of the court

to give the fifth special request asked by the defendant, which was that " the witness Ferdinand Kalckhoff having admitted himself to be guilty of the alleged charge, this goes to the credibility of his testimony, and it should be carefully considered, and, unless corroborated by other credible evidence, the jury are warranted in regarding it with suspicion." It was conceded that there was a mistake in this instruction, and that it referred to the witness Robert Kalckhoff, instead of Ferdinand. But the court, instead of giving the instruction, charged the jury that if they found that Ferdinand, or Robert, or any other witness, had testified falsely with reference to any material fact, they were at liberty to disregard the whole testimony of that witness, unless it was corroborated by other credible testimony. This charge covered the law of the case, and was all the defendant had the right to ask for. The rule relating to the credit due the testimony of an accomplice in a criminal case, would not seem to have any direct application.

The only remaining exception to be noticed is the one taken to the ruling of the court denying the motion to set aside the verdict, for leave to file an amended answer, and for a new trial. This motion was made under sec. 38, ch. 125, R. S. The " surprise " stated in the affidavits read in support of the motion was, that the counsel having charge of the case overlooked, or did not consider, the effect which the discharge of the principal makers of the note in bankruptcy would have upon the contract of the defendant, and so failed to set up that defense in the prior amended answer. We will not consider whether the proposed answer states a defense to the action. It is enough to remark that the application made was addressed to the discretion of the court below, and it is impossible to say, under the circumstances, that there was such an abuse of discretion in denying the motion as would warrant this court in reversing the decision.

*By the Court.*—The judgment of the county court is affirmed.

The appellant moved for a rehearing.

RYAN, C. J.   Affidavits and records not in the return to the appeal, are filed here in support of the motion for rehearing. Nothing but the return, and arguments founded on the return only, can be considered on such a motion.  *Bonin v. G. B. & M. R'y Co., ante,* p. 210.   It would be worse than idle to grant a rehearing on papers which could not be considered on the rehearing itself.

A very elaborate argument was filed in support of this motion.   It has not shaken the faith of the court in the correctness of the decision on the appeal; and it is not considered necessary to go over the ground again.

But the learned counsel who make the motion complain that the opinion on the appeal states concessions on their part, which they did not make.   We cannot doubt that the complaint is made in good faith, but it is none the less unfounded. For instance, the opinion states that it was conceded that one of the instructions of the court below related to Robert Kalckhoff, not to Ferdinand.   So the instruction was written, and so counsel did concede; contending, however, that this court should read Ferdinand for Robert in the instruction, because it would fit Ferdinand better than Robert.   Again, the opinion states that it was conceded that it did not appear in the record of the bankrupt proceedings, that the note in question in the case was proved against the estate of the bankrupts. So it did not appear; and so counsel did concede; arguing, however, that, by certain arithmetical calculations, the amount of the note could be produced in figures in the bankrupt record; and that this court must surmise that the sum so found represented the note and nothing else, in the bankrupt proceedings, and so abandon the solid verity of the record for a flight of fanciful conjecture.

It is thus apparent that the fault of the opinion, of which counsel must be taken really to complain is, not that it mis-

states counsel's concessions of the truth of the record, but that it declines to follow him in argumentative suppositions outside of the record. Imputations of the kind considered ought not lightly to be made; and we make the correction, partly in justice to the court, showing that the opinion does not misrepresent counsel; and partly in justice to counsel, showing that they did concede the facts apparent in the record.

*By the Court.* — The motion is overruled.