HORNING, Respondent, vs. E. GRIESBACH BREWING COMPANY, Intervener, Appellant.

*December 9, 1892 — January 10, 1893.*

*Judgment on warrant of attorney: Irregularities: Vacating: Debtor and creditor.*

Where judgment was entered upon a note and warrant of attorney, the failure of the affidavit of plaintiff's attorney annexed to the complaint to show why it was not made by the plaintiff himself or to show the affiant's means of knowledge, is not an error going to the jurisdiction, but an irregularity merely, and the judgment will not be vacated therefor, on the petition of another creditor, unless it is shown to be unjust or inequitable.

APPEAL from the Superior Court of *Milwaukee* County.

On January 11, 1892, plaintiff procured a judgment to be entered on a note and warrant of attorney executed by defendant, Brandt, and on the same day procured to be issued thereon an execution, by virtue of which the sheriff levied upon certain property of the judgment debtor. The *E. Griesbach Brewing Company*, a creditor of Brandt, commenced an action against him on the same day, and obtained a writ of attachment therein, which was levied upon the same goods in the hands of the sheriff under plaintiff's execution. The brewing company, having obtained judgment on its demand, intervened in plaintiff's action by petition, and demanded that the plaintiff's judgment and execution be set aside and vacated, and that the sheriff be ordered to hold such goods by virtue of and under such attachments only.

The only ground assigned for such relief is that, in the proceedings on the note and warrant of attorney, the affidavit of plaintiff's attorney, annexed to the complaint, does not show why it was not made by the plaintiff, nor does it show the attorney's means of knowledge of the facts to which he therein deposed.

The superior court dismissed the petition, and the petitioner appeals from the order in that behalf.

*Frank M. Hoyt,* for the appellant, contended, *inter alia,* that as to the effect of judgment by confession entered upon insufficient affidavits, so far as creditors of the judgment debtor are concerned, the courts seem to be divided into two classes, one holding the judgment absolutely void as to such creditors, the other treating it as *prima facie* fraudulent as to creditors, and throwing upon the plaintiff the burden of showing that his claim is equitable and just when the defective judgment is attacked by such creditors. This court seems to have placed itself in the first class above mentioned, holding such a judgment void as to creditors, as do the courts of many other states. *Nichols v. Kribs,* 10 Wis. 76; *Thompson v. Hintgen,* 11 id. 112; *Von Beck v. Shuman,* 13 How. Pr. 472; *Dunham v. Waterman,* 17 N. Y. 9; *Bryan v. Miller,* 28 Mo. 32; *Bacon v. Raybould,* 4 Utah, 357; *Davidson v. Alexander,* 84 N. C. 621; *Davenport v. Leary,* 95 id. 203; *Citizens' Nat. Bank v. Allison,* 37 Hun, 135; *Ex parte Carroll,* 17 S. C. 446; *Sheppard v. Sheppard,* 10 N. J. Law, 250; *Moody v. Townsend,* 3 Abb. Pr. 375. The supreme court of California comes within the second class above mentioned, holding that judgments by confession thus defectively entered are *prima facie* fraudulent as to creditors. *Richards v. McMillan,* 6 Cal. 419; *S. C.* 65 Am. Dec. 521; *Cordier v. Schloss,* 18 Cal. 576; *Pond v. Davenport,* 44 id. 481.

*Carl Runge,* for the respondent.

LYON, C. J. The errors in entering up judgment on the note and warrant of attorney are not jurisdictional, but only irregularities, not affecting the jurisdiction of the court to render the judgment. The petitioner has failed to show any equitable grounds entitling him to be relieved therefrom or from the execution. The case is not distinguishable from that of *Marshall & I. Bank v. Milwaukee Worsted Mills, ante,* p. 23, and hence is ruled by it.

*By the Court.*— Order affirmed.