REEVES & Co., Appellant, vs. KROLL, Respondent.

*September 27—October 15, 1907.*

*Appeal: Undertaking: Sufficiency: Judgment on* cognovit: *Debt not yet due: Warrant of attorney: Construction: Affidavit: Motion to set aside judgment: Discretion: Costs.*

1. Where, pursuant to sec. 3060, Stats. (1898), the circuit court directed that upon appeal from an order an undertaking in the sum of $300 be given to secure both costs and a stay, this in practical effect merely added $50 to the amount of the undertaking required by sec. 3052; and no additional or separate undertaking was necessary to render the appeal effectual.

2. A judgment on *cognovit* in the usual form for an indebtedness already due, but which contained no suggestion that any part was not so due or as to when it would become due, was entered on a note not presently due. The note embodied a warrant of attorney which authorized the confession of judgment at any time "for such sum as shall at such time appear to be unpaid thereon, whether the same be then due or to become due," released "all errors in the entering of such judgment," and consented to "the immediate issuing of execution." *Held*, that the judgment in the form rendered was unauthorized either by law or by the warrant of attorney, or by an answer thereunder confessing the amount of the face of the note and interest to be due.

3. While sec. 2896, Stats. (1898), authorizes the entry of judgment on *cognovit* before the debt is due when so authorized by a warrant of attorney, yet that section, in connection with subd. 7, sec. 2969, Stats. (1898), permits only such form of judgment as declares any immaturity which may exist, to the end that execution may issue and be enforced only for the part due.

4. A warrant of attorney embodied in a note not presently due, authorizing the confession of judgment at any time "for such sum as shall appear to be unpaid thereon, whether the same be then due or to become due," is construed to authorize only such judgment as declares the existing immaturity.

5. A judgment on *cognovit* on a note not presently due is without authority unless supported by an affidavit stating what amount is due and what amount is to become due, as required by sec. 2896, Stats. (1898).

[6. Whether the defect of omission of such affidavit is jurisdictional so as to render the judgment a complete nullity, or is merely

an error within jurisdiction which may be cured by the release of errors and irregularities, not determined.]

7. An application to set aside a judgment on *cognovit* appeals to the equitable power and discretion of the court, and although void the court is not bound to set the judgment aside upon motion, unless it appears to be inequitable.

8. Under sec. 2832, Stats. (1898), conferring power to vacate judgments upon such terms as may be just, the fact that a judgment on *cognovit* was wrong, unauthorized, and oppressive to the defendant by the fault of plaintiff, and such that it probably must have been reversed on appeal, is sufficient to justify the trial court in setting it aside upon motion without requiring the payment of any costs by defendant to plaintiff.

Appeal from an order of the circuit court for Winnebago county: Geo. W. Burnell, Circuit Judge. *Affirmed.*

On October 10, 1906, plaintiff procured to be entered up and signed by the county judge judgment on *cognovit* in circuit court for Winnebago county upon two certain judgment notes due December 1, 1906, each embodying a warrant of attorney to confess judgment at any time whether the note be due or is to become due at that time, also to release all errors and consent to the immediate issuing of the execution. The judgment was in the usual form for an indebtedness already due, and contained no suggestion that any part was not so due or as to when it would become due. On February 12, 1907, defendant procured order to show cause why the judgment should not be set aside, accompanied by his affidavit showing good defense, and that he had no knowledge of its entry until long thereafter, whereupon he immediately consulted attorney and took steps to prepare defense and to present the motion. The court ordered the judgment set aside without costs to either party, from which order the plaintiff appeals.

*Gerrit T. Thorn,* for the appellant.

For the respondent there was a brief by *E. F. Kileen,* and oral argument by *Perry Niskern.*

DODGE, J.   Respondent moves to dismiss the appeal for defect in undertaking, for the reason, as he claims, that it does not secure both the costs and damages which may be awarded against appellant on appeal not exceeding $250, as required by sec. 3052, Stats. (1898), and also the conditions of staying the order as prescribed by order of the court under sec. 3060, Stats. (1898).   This contention is based upon a misapprehension.   The undertaking is in the sum of $300, and the order of the court fixing the amount of undertaking prescribes that total as the amount necessary to secure both costs and stay; thus in practical effect adding $50 to the amount of the undertaking which would be required by statute to merely render the appeal effective.   The undertaking is in complete response to this order and satisfies it.   Hence the motion to dismiss the appeal is overruled.

The judgment on *cognovit,* in the form rendered, was unauthorized either by law or by the power of attorney or by the answer filed.   While undoubtedly the statute, sec. 2896, Stats. (1898), authorizes the entry of judgment on *cognovit* before the debt is due when so authorized by the power of attorney, yet that statute, in connection with subd. 7, sec. 2969, Stats. (1898), has been held to permit only such form of judgment as declares any immaturity which may exist, to the end that execution may issue and be enforced only for the part due.   *Sloane v. Anderson,* 57 Wis. 123, 15 N. W. 21; *Reid v. Southworth,* 71 Wis. 288, 36 N. W. 866.   Such being the only form of judgment authorized by law, a power of attorney executed in Wisconsin to confess judgment before due must be construed to authorize only such judgment. Hence the present judgment was neither authorized by the maker of the notes nor by the statute.   Further than this, the judgment was without authority because unsupported by the form of affidavit which is required by sec. 2896, Stats. (1898).   This affidavit is required to state what amount is due and what amount is to become due.   *Sloane v. Anderson,*

*supra.* It may not be entirely certain under our authorities whether such defects in the procedure as these are jurisdictional so as to render the judgment a complete nullity, or are merely such errors within jurisdiction as may be cured by the release of errors and irregularities. *Sloane v. Anderson, supra; Kahn v. Lesser,* 97 Wis. 217, 221, 72 N. W. 739; *Marshall & I. Bank v. Milwaukee W. Mills,* 84 Wis. 23, 53 N. W. 1126; *Horning v. E. Griesbach B. Co.* 84 Wis. 71, 54 N. W. 105; *F. Mayer B. & S. Co. v. Falk,* 89 Wis. 216, 61 N. W. 562. We shall not, however, deem it necessary to resolve that question here. Although void, the court would not be bound to set the judgment aside upon motion, unless it appeared to be inequitable. *Purcell v. Kleaver,* 98 Wis. 102, 73 N. W. 322. Hence an application to set it aside in a measure always appeals to the equitable power and discretion of the court. If, however, it be conceded that this judgment has been set aside in the exercise of the power conferred by sec. 2832, Stats. (1898), to vacate judgments, and that the action must be controlled by the provisions of that section that the vacation shall be upon such terms as are just, we are not prepared to say that there has been any abuse of discretion in refusing to impose costs upon the defendant. The fact that the judgment was wrong and unauthorized and oppressive to the defendant, and all this by the fault of the plaintiff, so that it probably must have been reversed upon appeal, and that, too, at the cost of the plaintiff, was a sufficient reason if also inequitable to justify the trial court in setting it aside upon motion without requiring the payment of any costs by defendant to plaintiff.

*By the Court.*—Order appealed from is affirmed.