HARDER, Respondent, vs. DAVELAAR and another, imp., Appellants.

*September 18—October 14, 1924.*

*Mortgages: Foreclosure: Cross-complaint by mortgagor against subsequent purchaser: Vacation of judgment to allow cross-complaint: Discretion of court.*

1. The vacation of a foreclosure judgment is discretionary with the trial court, and its order cannot be reversed except for an abuse of such discretion. p. 617.
2. A judgment of foreclosure should not be vacated to permit the mortgagor and the purchaser of the premises to litigate between themselves the question of liability on such mortgage, the outcome of which would not affect the mortgagee. p. 617.
[3. Whether a cross-complaint by the mortgagor against the purchaser, to reform the deed by inserting a provision that the purchaser assume the mortgage, is proper in an action to foreclose the mortgage, not passed upon.] p. 618.

APPEAL from an order of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

For the appellants there was a brief by *Gilbert J. Davelaar* of Milwaukee, attorney, and *B. A. Husting* of Fond du Lac, of counsel, and oral argument by *W. O. Meilahn* of Milwaukee.

For the respondent there was a brief by *Sutherland, Hughes & Sutherland* of Fond du Lac, and oral argument by *D. D. Sutherland.*

OWEN, J. This is an action brought by plaintiff to foreclose a mortgage executed by the defendants *Margaret B. Davelaar* and husband and Elizabeth Krudwig and husband on premises then owned by the defendants *Margaret B. Davelaar* and Elizabeth Krudwig. Subsequent to the making of the mortgage *Margaret B. Davelaar* and Elizabeth Krudwig conveyed their interest in the mortgaged premises to the defendant Oscar Kroesing. The deed of conveyance contained no provision to the effect that Kroesing assumed

and agreed to pay the mortgage. A notice of appearance was served upon plaintiff's attorneys in the foreclosure action by the attorney of *Margaret B. Davelaar* and husband. No answer, or demurrer, or cross-complaint, however, was interposed. The action proceeded to judgment. After judgment *Margaret B. Davelaar* and husband moved for an order vacating the foreclosure judgment and permitting the said defendants to file an answer in the nature of a cross-complaint alleging that Kroesing, who purchased their interest in the mortgaged premises, assumed and agreed to pay the mortgage in question, as a part of the consideration, but through mistake such covenant was not inserted in the deed, and praying for a reformation of the deed executed by them to Kroesing so as to express such agreement. The motion was denied, and *Margaret B. Davelaar* and her husband appeal from such order.

The order appealed from was discretionary and cannot be reversed in the absence of an abuse of discretion on the part of the trial court. The order not only fails to evince an abuse of discretion but was the proper order to enter. To set aside the judgment to enable the *Davelaars* to litigate with their codefendant as to whether the claimed covenant should be inserted in the deed would be unjust to the plaintiff. He is not at all concerned with the question whether Kroesing agreed with the *Davelaars* to pay this mortgage. There is no contention, whatever, that the plaintiff agreed to relieve the *Davelaars* from their liability upon the note and mortgage. Should the *Davelaars* prevail in their contention that such an agreement was made, it would in no manner affect the judgment in the foreclosure proceeding. There is no theory upon which it can be said that the judgment in the foreclosure proceeding is *res adjudicata* upon the question of whether Kroesing agreed to pay the mortgage. That question may be litigated in an independent action brought by the *Davelaars* against Kroesing if and when they are called upon to pay any portion of the debt.

Without passing upon the question whether such cross-complaint would have been proper in the foreclosure action, certainly there was no abuse of discretion on the part of the court in refusing to vacate the judgment to permit that question to be litigated between codefendants. The order must be affirmed.

*By the Court.*—So ordered.