In re Coloma State Bank: Gustin, Respondent, vs. Coloma State Bank (Banking Commission), Appellant.

*November 10—December 6, 1938.*

For the appellant, Banking Commission, there was a brief by *Buchanan Johnson* of Plainfield and *G. M. Buenzli* of Madison, attorneys, and *Walter D. Corrigan, Sr.,* and *Francis H. Parson,* both of Milwaukee, of counsel, and oral argument by *Mr. Parson* and *Mr. Johnson.*

For the respondent there was a brief by *Kileen & Kileen* of Wautoma, attorneys, and *M. S. King* of Wisconsin Rapids of counsel, and oral argument by *Mr. Earl F. Kileen* and *Mr. King.*

WICKHEM, J. The matter was originally brought on for hearing by F. E. Gustin on a petition and order to show cause asking that certain securities left with the bank by him be returned to him by the receiver, and that he have a claim and lien against the assets of the bank for the bonds that were converted by one of the officers of the bank in the sum of $4,755.50. An order was entered on July 24, 1937, requiring the return of these securities and giving to petitioner "a claim and lien against the assets of the bank now in possession of the Banking Commission for $4,305, the value of the securities converted by the bank and its officers to their own use." In December, 1937, the commission obtained authority from the circuit court to pay a forty per cent dividend, and apparently under the impression that the order gave Gustin a general claim, offered to Gustin a check for forty per cent of his claim. Gustin refused the check and threatened contempt proceedings, whereupon the receiver on January 22, 1938, procured an order to show cause why the order of July 24, 1937, should not be reopened and clarified. The trial court refused to reopen the order upon the ground that it had no jurisdiction to do so, and incidentally expressed the view that its original order was erroneous and that Gustin

should not have been given a preferred claim. In the view that this court takes of this matter, no detailed statement need be made as to the merits of Gustin's claim to a preferred position. It is enough to state that one of the officers of the bank converted to his own use securities which Gustin had deposited for safekeeping in the bank.

The Banking Commission relies upon sec. 269.46, Stats., which provides as follows:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation, or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

Appellant did not bring itself within the provisions of this statute. The petition and order to show cause did not make any showing that the order against the Banking Commission had been obtained through mistake, inadvertence, surprise, or excusable neglect. It merely asked that the order be opened for the purpose of reversing its alleged erroneous features.

In *Wessling v. Hieb,* 180 Wis. 160, 192 N. W. 458, the court held that it is incumbent upon a party relying upon the statute to comply reasonably with all the requirements involved in the opening of judgments, and that a court has no power to review or reverse its own judgment of a previous term as to matters upon which the mind of the court did act or was presumed from the record to have acted. The trial court in his memorandum stated that it was the intent and purpose of the court to treat the judgment as giving the petitioner a preferred claim. The fact that the trial court now regards that as erroneous is immaterial. There are no facts bringing the case within the statute. Even assuming that the trial court was in error in entering the original order and that the order would have been reversed upon appeal, the trial

court would have no authority under sec. 269.46, Stats., to review and reverse its decision. *Scheer v. Keown,* 34 Wis. 349; *Whitney v. Karner,* 44 Wis. 563. The case of *Reeves & Co. v. Kroll,* 133 Wis. 196, 113 N. W. 440, is distinguishable because there the judgment which was opened was shown to have been obtained through the fault of the plaintiff, whereas here there is no showing that the defendant was guilty of excusable neglect.

The commission had failed to take advantage of two other statutory provisions. Sec. 252.10, Stats., provides all judgments and court orders may be reviewed by the court at any time within sixty days from service and notice of entry thereof, but not later than sixty days after the term of entry thereof. No advantage was taken of this provision. Sec. 274.01, Stats., so far as material, provides for a writ of error or appeal to review an order in any civil action or special proceeding if taken within six months from the date of the entry of such judgment or order. There was no appeal. The order itself provided that it was not a final determination and that it might be moved at any time within ninety days on action taken by the Banking Commission. No advantage was taken of this, and the order was permitted to become final by its own operation. Under these circumstances, we are forced to conclude that the trial court properly denied the relief. That is the sole question upon this appeal, and we are not in a position to consider the construction and effect of the order. We simply hold that the trial court properly concluded that he was without power, upon the showing made, to give any relief under sec. 269.46, Stats.

*By the Court.*—Order affirmed.