STATE EX REL. BORGEN and another, Appellants, vs. NITZ and others, Defendants: PECORE, Interpleaded Defendant and Respondent.*

*January 14—February 17, 1948.*

* Motion for rehearing denied, with $25 costs, on April 13, 1948.

156

For the appellants there was a brief by *Willis E. Donley,* attorney, and *William B. Collins* of counsel, both of Menomonie, and oral argument by *Mr. Collins.*

For the respondent the cause was submitted on the brief of *Charles A. Taylor* and *George Strang,* both of Barron.

FRITZ, J. This appeal is from solely the order entered June 25, 1947, denying relators' petition to have opened up and vacated, and be relieved from, under sec. 269.46 (1), Stats., the judgment of August 2, 1946, on the ground that it was obtained against them through their mistake, inadvertence, surprise or excusable neglect. On this ground, as stated in that statute,—

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect, . . ."

Under these provisions the relief authorized thereby could have been granted by the court within such one-year period after August 19, 1946, the date on which notice was served on the relators of the entry of the judgment of August 2, 1946, if the court had, in its discretion, determined that the judgment of August 2, 1946, was obtained through relators' "mistake, inadvertence, surprise or excusable neglect." Whether the

court erred in its determination to the contrary, and in entering its order of June 25, 1947, denying relators' petition for such relief, constitutes the principal issue on this appeal from that order; and on this appeal therefrom there can be no review of any other order or judgment.

The relators' basis for claiming that they are entitled to have the judgment of August 2, 1946, vacated on their motion for relief therefrom, under sec. 269.46 (1), Stats., is that they and their attorneys were not aware, at the time the judgment was entered, that sec. 80.20 had been amended, and because they were not aware thereof, the judgment was obtained through their mistake, and therefore they are entitled to have the court vacate the judgment of August 2, 1946, under sec. 269.46 (1), Stats. Briefly stated, relators' claim to be entitled to that relief is based on the following matters alleged in their petition and affidavits, to wit:

That sec. 80.20, Stats., governing the action and proceedings of the commissioners, who on July 12, 1945, made the order laying out the highway in question, was amended on May 4, 1945, by provisions in ch. 105, Laws of 1945, that— "the entire record of the proceedings before the commissioners inclusive of all appearances, petitions, notices, testimony which may be taken only under oath, exhibits, findings, decisions, and other orders relating thereto, shall be so prepared and certified. The review of such order of determination by the commissioners shall where such record contains a transcript be confined to the basis of such record."

That when the commissioners met and made their determination of July 12, 1945, neither they nor relators' attorneys knew about that amendment; that it was not then in printed form in the revised statutes of Wisconsin for 1945, and at the time of the hearing on said matter the attention of the court was not called to the change in the law; that all parties to the proceeding should be excused from any neglect; that due to excusable neglect, surprise, mistake and inadvertence on the part of relators' attorneys, this ground for challenging the order of the commissioners in laying out said highway was neither set forth in relators' petition nor was it called to the

court's attention in the trial, or in the attorneys' argument, or briefs of the attorneys, prior to the court's determination and its judgment of August 2, 1946.

That (*Note:* Although there is no bill of exceptions as to any evidence as basis for thus stating the following) the hearing of the commissioners at the time and place of said proposed highway, as shown by their own records on file in this case, show that no record whatever was made at the time and place of the hearing on reviewing the actions on July 12, 1945, of the town boards regarding said highway, and their record merely consists of their qualifications and their order laying out said highway, and shows that no appearances were noted at their hearing, nor witnesses were sworn or testimony taken under oath, and no word of what actually transpired is to be found in their report, which is barren of any report for the reason that no record was made; that certain named persons from both towns were present at the commissioners' hearing, and were willing to testify against laying out the road and did voice their disapproval thereof, but the commissioners failed absolutely to comply with sec. 80.20, Stats., as amended.

That after the substitution in September, 1946, of Willis E. Donley and Wm. B. Collins as attorneys for the relators, they learned from them that the commissioners did not follow the law in their proceedings and their order of July 12, 1945; and that they have acted with due diligence ever since the making of said judgment of August 2, 1946, to have the commissioners' order vacated.

On the other hand, on behalf of the respondents there is proof in affidavits filed by them on the hearing of relators' motion under sec. 269.46 (1), Stats., to the following effect: When relators' petition and order for the writ of *certiorari* were prepared by Lawrence S. Coe, a partner in the firm of Coe and Cameron, the relators' attorneys, they had in their own law office (1) the Wisconsin State Journal, in which, as the official state paper, there was officially published on May 4, 1945, ch. 105, Laws of 1945, which amended sec. 80.20, Stats., and (2) also had the June, 1945, cumulative supplement of Shepard's Wisconsin Citations, in which there was noted the

amendment of sec. 80.20, Stats., by ch. 105, Laws of 1945; (3) in December, 1945, they received the bound volume of 1945 session laws of the legislature, and (4) also the 1945 Wisconsin statutes; and (5) said attorneys had appeared in the county court in the Barron county courthouse twenty-seven times between May 29, 1945, and April 30, 1946, and there could have examined also ch. 105, Laws of 1945, which was in the file of enrolled acts of the 1945 session of the legislature in the office of the Barron county clerk. In connection with those facts, there should be noted that the relators' petition for the writ of *certiorari* and the writ were prepared by their attorneys on October 10, 1945, which was five months after the statute was amended; that the hearing, including the arguments in the *certiorari* proceeding, was held on May 7, 1946, which was twelve months after the amendment of sec. 80.20, Stats., became effective on May 4, 1945; and that the questions then raised under relators' petition and the return to the writ were not decided by the court until July 17, 1946, and the judgment pursuant thereto was not entered until August 3, 1946. Consequently when and ever since the *certiorari* proceedings were commenced in October, 1945, the relators and their attorneys knew all of the facts in relation to the proceedings of the town boards, the county judge in his selection and appointment of the commissioners, and their acts, hearings, determination and orders, and the manner of their performance thereof, and the relators' attorneys had ample facilities and opportunities at the time before the entry of the judgment of August 2, 1946, to ascertain and become aware of the amendment of sec. 80.20 by ch. 105, Laws of 1945, effective May 4, 1945. Therefore the court could rightly conclude that, in view of said facts and circumstances, the judgment in question was not obtained through any such mistake, inadvertence, surprise, or excusable neglect on the part of the relators as can be held to entitle them to relief under sec. 269.46, Stats., from the judgment. Moreover, as the court said in *Kalckhoff v. Zoehrlaut,* 43 Wis. 373, 379,—

"It is enough to remark that the application made was addressed to the discretion of the court below, and it is impossible to say, under the circumstances, that there was such an abuse of discretion in denying the motion as would warrant this court in reversing the decision."

See also *Main v. McLaughlin,* 78 Wis. 449, 47 N. W. 938; *Erin Prairie v. Wells,* 158 Wis. 140, 147 N. W. 374, 148 N. W. 1095; *In re Coloma State Bank,* 229 Wis. 475, 282 N. W. 568; *Harder v. Davelaar,* 184 Wis. 616, 617, 200 N. W. 368.

*By the Court.*—Order affirmed.