SIKORA, Respondent, v. JURSIK and another, Appellants.

*February 1—February 27, 1968.*

For the appellants there was a brief by *deVries, Vlasak & Schallert, Stephen C. deVries,* and *Gerald J. Bloch,* all of Milwaukee, and oral argument by *Stephen C. deVries.*

For the respondent there was a brief by *Eisenberg & Kletzke,* attorneys, and *Jerome F. Pogodzinski* of counsel, all of Milwaukee, and oral argument by *Sydney M. Eisenberg.*

HANLEY, J. Defendants contend on appeal that (1) the trial court was without jurisdiction on August 7, 1967, to vacate his order from May 16, 1966, for the reason that more than one year had elapsed since the plaintiff had notice of the order, and (2) even if the trial court had jurisdiction to do so, it was in error in holding that a verdict can be found partially defective and partially valid when subjected to the challenge under the five-sixths rule.

Not raised by either party is whether a modification in the law by a subsequent decision of a court of last resort is a proper ground for relief under sec. 269.46 (1), Stats. The trial court was apparently persuaded that its earlier order was based on a mistake of law within the rule of *Paschong v. Hollenbeck* (1961), 13 Wis. 2d 415, 108 N. W. 2d 668. That case, however, held that a litigant's application for relief from a judgment because of a mistake of law on the part of his attorney is a proper subject for the exercise of the trial court's discretion under the statute. The statute itself has reference ex-

clusively to the mistake, inadvertence, surprise, and excusable neglect of a party resulting in a judgment being entered against him which it might be inequitable to enforce. If a point is briefed, argued, and subsequently decided under the law then existing, it cannot be that a subsequent decision of a court of last resort that modifies the applicable law creates one of these situations unless the court is to create a legal fiction. Had the trial court erred in interpreting existing law, it would have no authority under sec. 269.46 (1) to review and reverse its decision. *In re Coloma State Bank* (1938), 229 Wis. 475, 282 N. W. 568; *Scheer v. Keown* (1874), 34 Wis. 349. We do not think the statute contemplates the relief desired.

We are of the opinion that a modification in the law by a subsequent decision of a court of last resort is not a proper ground for relief under sec. 269.46 (1), Stats. If such relief were appropriate under sec. 269.46 (1) the result would be the relitigation of many cases following a modification in the law. We believe that retroactive application should be determined on the merits of each individual case.

Having determined that the trial court was without jurisdiction to vacate its order of May 16, 1966, we do not reach the merits of the issues raised by the defendants.

*By the Court.*—Order reversed.