BEHL, Appellant, vs. SCHUETTE and another, Respondents.

*February 23 — March 16, 1897.*

*New trial: Terms for opening default.*

| | |
|---|---|
| 95 | 441 |
| 101 | 549 |
| 95 | 441 |
| 103 | 101 |
| 95 | 441 |
| 112 | 350 |
| 95 | 441 |
| 113 | 258 |

Upon setting aside a judgment entered by default, and granting a new trial, under sec. 2832, R. S., on the ground of mistake or excusable neglect, the circuit court may properly impose upon the moving party the payment of the reasonable expenses incurred by the adverse party, which he would lose by the opening of such judgment, but not such as were unnecessary or excessive, though actually incurred.

APPEAL from an order of the circuit court for Columbia county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This was an action on a promissory note for about $250, to which defendants pleaded a counterclaim of about $100. At the December term of the circuit court for 1895, held at Portage City, in Columbia county, Wisconsin, commencing on the 3d day of the month, the cause was on the calendar for trial. It was reached in its order on the 12th. Defendants, with their attorneys and witnesses, were in court ready for trial. Neither plaintiff nor his attorneys were present. Defendants' attorneys waived a jury, proved their counterclaim before the court, and took judgment thereon for $116.25 damages and $201.52 costs. Seasonably thereafter plaintiff's attorneys moved the court to set such judgment aside and grant a new trial, upon the ground of excusable neglect. Such motion was based on affidavits to the effect that plaintiff and his attorneys resided in the city of Milwaukee; that one of such attorneys, C. W. Briggs, attended court on the first day of the term, and had the case set down for trial on the 17th day of December, 1895, with the understanding, as he supposed, that if all the jury cases were disposed of before that time, and the parties were not in court ready for trial,

the case would be continued for the term; that on the next day he so notified his associate and the plaintiff; that plaintiff relied thereon, and did not know to the contrary till late in the evening of the 11th of December, 1895, when he was notified by Mr. Briggs that the case would be reached the next day or day after; that upon receiving such notice he started as soon as practicable for Portage, with his witnesses, and arrived there about 2 o'clock p. m. the next day; that judgment was taken shortly before he arrived; that plaintiff intended in good faith to be present with his witnesses and attorneys in time to try the case, and would have been had it not been for the misleading information given to him by his attorney Mr. Briggs. The moving papers contained an affidavit of merits. In opposition to the motion were affidavits and papers to the effect that the case was set down for trial, pursuant to a written stipulation, at the foot of the calendar; that the order of the court recorded on the clerk's journal was to the effect that the cause would be tried on the 17th or sooner, when reached at the foot of the calendar; that the case was called pursuant to such order, and disposed of regularly by proof being taken of defendants' counter-claim, and judgment being entered accordingly by the order of the court; that defendants were in attendance with their witnesses, attorney, and counselor, ready for trial, several days before the case was reached, and that they paid to such attorney for three days' attendance $75, and to such coun-selor for three days' attendance $75; that they also paid $50 for witness fees, $24.50 for sheriff's fees, $14.75 for clerk's fees, and $2.25 for telephone and postage. The motion to set aside the judgment and for a new trial was granted upon terms that plaintiff pay to defendants the several sums of money expended by them as aforesaid. Plaintiff excepted to the terms imposed, and appealed from the order in that regard.

For the appellant there was a brief by *D. J. Dalton* and *C. W. Briggs*, and oral argument by *C. W. Briggs*.

For the respondents the case was submitted on the brief of *George W. Sloan*.

MARSHALL, J.   It sufficiently appears that the failure of the plaintiff to be present with his witnesses and attorneys in time for the trial was wholly on account of his being misinformed of the conditions of the order setting the case for such trial.   Under the statutes providing for the relief of a party from the consequences of mistake, inadvertence, surprise, or excusable neglect (sec. 2832, R. S.), a party may properly be held excusable for the negligence of his attorney, and be relieved from such negligence on proper terms. *Whereatt v. Ellis*, 70 Wis. 207; *Hanson v. Michelson*, 19 Wis. 499; *Flanders v. Sherman*, 18 Wis. 576.   Such was the conclusion of the learned trial judge, and on the record the case was an ordinary one, calling for such relief upon reasonable terms.   There is no arbitrary rule by which the terms for opening a default in such a case can be fixed.   The power in the matter is of a purely discretionary character, and should be exercised, not harshly, but with sound judgment, in such manner as to do justice between the parties so far as that end can be practically attained.   Obviously the court must be governed by the principle that a party circumstanced as plaintiff was should bear the consequences of his own fault, rather than that the diligent party should suffer.   To that end it was proper that the plaintiff should be required to pay the reasonable expenses incurred by the defendants, which they would lose by opening the judgment. But the court should not have gone further than to require the moving party to pay such reasonable expenditures, and could not without overstepping the bounds of legal discretion.   *Union Nat. Bank v. Benjamin*, 61 Wis. 512.

It follows from the foregoing that the question involved

Behl vs. Schuette and another.

here is not solely whether the defendants incurred the large bill of expenses which the court required plaintiff to pay as a condition of relief from the judgment, but whether such expenses, under all the circumstances, were reasonable. The cause of action was one on contract for a small amount of money. It evidently involved no intricate questions of either law or fact. Upon what ground it can be held that the presence of an attorney and a counselor as well was necessary in order to try such a case is not perceived. Evidently the learned circuit judge understood the rule to be that the party seeking relief must make the opposite party good for all his expenditures incurred in obtaining the judgment, without reference to whether such expenses were reasonable or not. That was erroneous. The amount should have been limited to reasonable expenses. For such a simple case as this appears to have been, in our judgment the sum of $15 per day for attorneys' and counselors' fees was ample. The other items which the court required to be paid were taxable costs, and, though they appear very large, there is nothing before us by which we can determine whether they were properly taxed or not. Therefore the only modification we can make in the order is to require the amount of attorneys' and counselors' fees to be reduced to $15 per day for the three days, making the total sum to be paid by plaintiff, as a condition of setting aside the judgment and granting a new trial, $136.55.

*By the Court.*— That part of the order of the circuit court appealed from is reversed, and the cause remanded with directions to modify such order in accordance with this opinion.