BRIHM, Respondent, vs. ÆTNA INSURANCE COMPANY OF
HARTFORD, CONNECTICUT, Appellant.

*December 9, 1926—January 11, 1927.*

Judgment: Relief from judgment on default: Discretion of court:
Terms: Payment of counsel fees.

Plaintiff on March 4th served a summons and complaint in an ac-
tion to recover for a fire loss on an insurance policy, and on
March 23d a petition by defendant for removal to the federal
court was served. The bond accompanying such petition being
insufficient, plaintiff took a default judgment on March 27th,
and defendant, after unsuccessful attempts in the federal court
to have the cause removed, applied for leave to answer in the
state court, which was granted, and the judgment vacated upon
condition that defendant pay substantial counsel fees to plaint-
iff. *Held,* that the terms imposed, while large, do not disclose
an abuse of discretion, as the services and expenses interme-
diate the taking of the judgment and its vacation were caused
by the acts of the defendant.

APPEAL from an order of the circuit court for Polk
county: W. R. FOLEY, Circuit Judge. *Affirmed.*

Action to recover for a fire loss of July 28, 1925, on an
insurance policy issued by defendant on plaintiff's farm
building and personal property. Summons and complaint
were served March 4th and default judgment taken on
March 27, 1926, for $6,644.97, including $40.97 costs.

On March 23d, through other than present counsel, a peti-
tion had been filed in said circuit court by defendant for re-
moval to the federal court. The bond accompanying such
petition was insufficient. On March 29th an amended bond
was filed, and plaintiff's counsel received by registered mail
notice of the petition mailed from Milwaukee on March 27th.
The court denied the removal. A certified copy of the record
was then filed in the United States district court at Superior.
That court, on plaintiff's application, on May 11th remanded
the cause to Polk county. May 26th the defendant applied

to the court below for vacation of the judgment and for leave to interpose a verified answer.

June 1st such relief was granted upon condition that defendant, within twenty days, pay to plaintiff a sum made up of the following items:

| | |
|---|---|
| Expenses and fees taking judgment............ | $25 00 |
| Four days' time briefing removal question....... | 100 00 |
| Arguing motion in circuit court.............. | 25 00 |
| Arguing motion in federal court............. | 75 00 |
| Expenses attendant in federal court........... | 18 75 |
| | $243 75 |

By error, not called to the timely attention of the court below, this sum was stated in the order at $248.75.

From so much of the order as fixed such condition defendant appeals.

*W. T. Doar* of New Richmond, for the appellant.

For the respondent the cause was submitted on the brief of *Kennedy & Yates* of Amery and *Chas. A. Taylor* of Barron.

Eschweiler, J.    The court below relieved the defendant from the default judgment, excused its delay in serving an answer, and permitted such to be presently done pursuant to sec. 269.46, Stats., which provides that such relief may be granted "in discretion and upon such terms as may be just." Appellant contends that there was here an abuse of judicial discretion in the fixing of such a substantial sum as terms. It relies upon *Port Huron E. & T. Co. v. Clements,* 113 Wis. 249, 89 N. W. 160, the cases there cited at p. 258, and other cases.

It is not disputed but that defendant, upon proper procedure taken within the time for and before answering, would have been entitled to remove the cause to the federal court. It failed, however, to follow the required steps, and the serv-

ices and expenses included in the allowed items were consequent upon such efforts on its part. The plaintiff was within his rights, under our procedure, in taking the default judgment as he did, and then, to maintain his position in court, he was compelled to follow the defendant in its vain wanderings around the circle. While the required amount is large compared with that allowed in the cases *supra,* and others such as *Sawicki v. Wulff,* 169 Wis. 377, 172 N. W. 722, and *Wessling v. Hieb,* 180 Wis. 160, 192 N. W. 458, yet we are not ready to say that the requirement of the payment of the expenses reasonably incurred by respondent in the cause, intermediate the defendant's default and the vacating of the judgment, is in abuse of the judicial discretion that the court below might exercise. The $5 error in computation will undoubtedly be corrected without formal proceedings being necessary here or below.

*By the Court.*—Order affirmed.