COMMERCIAL CASUALTY INSURANCE COMPANY, Respondent, vs. FROST, Appellant.

*November 9—December 8, 1931.*

The cause was submitted for the appellant on the brief of *Goggins, Brazeau & Graves* of Wisconsin Rapids, and for the respondent on that of *Richmond, Jackman, Wilkie & Toebaas* of Madison.

WICKHEM, J. On November 5, 1929, the Commercial Casualty Insurance Company filed its complaint in the circuit court for Dane county. The complaint set forth that on June 5, 1928, the Ule Construction Company applied to the plaintiff for a surety bond to guarantee performance of a contract which it had to pave certain streets in the village of Stickney, Illinois. On the same date the defendant Frost, in order to secure the execution of the bond by the plaintiff, executed a bond and undertaking whereby he agreed to indemnify the company against any loss which the company might sustain by reason of the execution of the bond. The bond in question was alleged to be in the sum of $112,600. The bond further provided that in case the plaintiff deemed it proper, in order to comply with the law or with the regulations of the insurance department of any state, to set aside a reserve against liabilities on this bond, the defendant, on demand and without regard to the question of whether the loss had been paid by the plaintiff, would deposit enough with the company as collateral security to cover all unadjusted claims under this contract. The complaint further stated that claims to the amount of $27,880.35 had been asserted against the plaintiff by the Material Service Corporation, claims to the amount of $12,000 by one John Bransfield, and miscellaneous other

claims totaling $4,119.65 by various other claimants; that on account of the assertion of these claims it was necessary under the regulations of the states where plaintiff is transacting business to set aside as a loss reserve the sum of $44,000; that defendant has neglected and refused on demand to deposit this sum; that the bond includes a power of attorney to enter judgment for such sums as are due, together with costs, interest, and attorneys' fees. Judgment was entered upon the complaint in the sum of $44,000, to which were added attorneys' fees of $500 and costs taxed at $21.40.

The defendant's affidavit alleges that defendant has a complete defense to the action and intends in good faith to defend it; that he had no knowledge of the purpose or intention of the plaintiff to enter judgment upon the warrant of attorney contained in the indemnity bond, and no knowledge of the entry of the judgment or the docketing thereof in Portage county until the late spring of 1930. He asked leave to vacate and set aside the judgment and to interpose his defenses in the action. Counter affidavits were filed by the plaintiff, the details of which it is not necessary to discuss. The affidavits were directed to showing that no meritorious defense existed. The court entered the following order: (1) that the judgment now entered remain in full force and effect; (2) that the defendant be allowed to interpose his proposed answer on condition that within ten days from the date of this order he pay to the plaintiff attorneys' fees of $500, $21.40 costs, and $10 motion fees. It further provided in paragraph (4) that the plaintiff might issue execution upon the judgment and take any other proceedings which the plaintiff could have taken or instituted had this order not been entered. The objection of the appellant is to the conditions stated in paragraphs (2) and (4).

Recent decisions by this court have established the rule that an order opening a judgment on cognovit is not appealable. *Hanson v. Custer,* 203 Wis. 55, 233 N. W. 642;

*Hargraves v. Hoffmann,* 205 Wis. 84, 236 N. W. 556. The same rule applies to an order vacating a judgment of divorce entered by default. *Kelm v. Kelm,* 204 Wis. 301, 235 N. W. 787. In the latter case the principles upon which the rule is grounded are fully discussed. The cases heretofore cited were, of course, appeals by the plaintiff. The denial of a motion to vacate a default judgment or to open a judgment upon cognovit is a final order and consequently appealable. *Purcell v. Kleaver,* 98 Wis. 102, 73 N. W. 322; *Kelm v. Kelm, supra.*

This case presents the question whether the defendant may appeal from that part of an order opening a cognovit judgment which imposes conditions to which he objects. This question has not heretofore been considered, although in *Brihm v. Ætna Ins. Co.* 191 Wis. 633, 211 N. W. 759, and *Behl v. Schuette,* 95 Wis. 441, 70 N. W. 559, the court entertained such appeals and disposed of them upon the merits, the question of appealability evidently not having been raised.

A full consideration of the principles governing the subject satisfies us that the only ground upon which such an order can be held appealable is that, due to the onerous character of the conditions imposed, there has been a virtual denial of the motion to open the judgment on cognovit. We have concluded that such is the effect of the portions of the order here appealed from. The requirement that the defendant pay $500 attorneys' fees and $21.40 costs appears, so far as is disclosed by the record, to have been imposed without reference to the reasonableness of their amount. This we hold to be error under the rule laid down in *Port Huron E. & T. Co. v. Clements,* 113 Wis. 249, 89 N. W. 160; *Brihm v. Ætna Ins. Co., supra,* and *Behl v. Schuette, supra.*

The portion of the order providing that the plaintiff might issue execution upon the judgment, and take any other proceedings which plaintiff could have instituted had the order

not been entered, is likewise erroneous. Standing alone, it doubtless amounts to a virtual denial of the motion to vacate. Taken together with the requirement as to the payment of attorneys' fees, we think it clearly operates in effect to deny the motion. The court, in that portion of the order which permitted the defendant to interpose his proposed answer, determined that defendant was entitled to relief. This determination is not reviewable, in view of the authorities heretofore cited. The conditions imposed result in a denial of the relief to which the court held defendant to be entitled.

Under these circumstances it is considered that the portions of the order appealed from must be reversed. Since the imposition of costs and attorneys' fees is a matter within the discretion of the trial court, this court can do no more than reverse the order with directions that the trial court find such a sum as is reasonable and proper under the circumstances of the case and under the rulings of this court heretofore cited.

The portion of the order permitting execution to issue is erroneous and cannot be permitted to stand.

*By the Court.*—The portions of the order appealed from are reversed, and cause remanded for further proceedings in accordance with this opinion.

NELSON, J., took no part.