STATE EX REL. CENTRAL SURETY & INSURANCE CORPORA-
TION, Petitioner, vs. BELDEN, Circuit Judge, Respondent.

*September 18—October 13, 1936.*

For the petitioner there was a brief by *Bender, Trump &
McIntyre* of Milwaukee, and oral argument by *Eugene L.
McIntyre.*

For the respondent there was a brief by *Julius Goldstein* and *Randall, Cavanagh, Stephenson & Mittelstaed,* all of Kenosha, and oral argument by *G. A. Mittelstaed.*

ROSENBERRY, C. J.    From the petition it appears that an action was commenced in the circuit court for Kenosha county by Mike Manas and George Mathos against one Hammond, as administrator of the estate of Jacob Roth, deceased, and against the Central Surety & Insurance Corporation of Kansas City, the insurer of Roth, to recover for personal injuries received by the plaintiffs as a result of a collision which occurred on July 22, 1928.    The defendant answered and, among other things, pleaded in abatement the nonaction provision of its policy.    Upon the trial the plea of the defendant insurance company was sustained, and the court directed an order to be entered in due course dismissing the insurance company.    From that order no appeal was taken and it remains in full force.    The case then proceeded to trial, judgment was had against the administrator, and on appeal the judgment was reversed on the ground that no notice of injury had been served as required by statute.    *Manas v. Hammond* (1934), 216 Wis. 285, 257 N. W. 139.

There was a paragraph in the complaint by which it was alleged that the defendant, Central Surety & Insurance Corporation, had fraudulently represented to the plaintiffs that the deceased, Roth, carried no insurance; that said representation was made with the intent to cheat and defraud the plaintiffs; that they relied thereon; and that as soon as discovery was made of the fact that the insurance policy was in existence, plaintiffs commenced their action.    This was not pleaded as a separate cause of action but was paragraph 8 of the complaint.    Apparently the plaintiffs were of the view that the alleged fraud of the defendant insurance company operated to extend the time within which an action might be

begun, and stated the facts already adverted to as a part of their cause of action. When the court, upon the trial, sustained a plea in abatement and dismissed the action as to the defendant insurance company it was no longer a party to the action. When the case was returned to the circuit court after the reversal of the judgment against Hammond, administrator, by this court, the circuit court had no jurisdiction over the Central Surety & Insurance Corporation. It was no longer before the court. Therefore the court had no right to set the case down for trial as against it. *State ex rel. Pabst v. Circuit Court* (1924), 184 Wis. 301, 199 N. W. 213.

It is urged here on behalf of the respondent that the complaint in the circuit court action states two causes of action,— one for negligence and one for deceit and fraud. We have examined the record, and there was not the faintest attempt on the part of the pleader in the circuit court action to state more than one cause of action. The plea in abatement was not to the first cause of action but to the action. It is true that the trial court said that it would not be necessary to go into the matter of deceit upon the trial. That was for the reason that the allegation of deceit related only to the relator here, one of the defendants in that action. When the action abated it abated entirely.

Some contention is made on behalf of the respondent that this is not a proper case for the exercise of supervisory jurisdiction of this court. The court having already held that the order setting the case down for trial is not appealable (*Manas v. Central Surety & Ins. Corp.* (1936), 221 Wis. 381, 266 N. W. 780), the relator has no remedy except by way of the exercise of original jurisdiction of this court. There is no reason why the relator should be put to the expense of a trial in an action in which he is not a party, and be compelled to appeal from the judgment in order to raise the question pre-

sented here. This case is well within the rule. *Petition of Inland Steel Co.* (1921) 174 Wis. 140, 182 N. W. 917; *State ex rel. Hustisford L., P. & M. Co. v. Grimm* (1932), 208 Wis. 366, 243 N. W. 763.

*By the Court.*—Let the writ of prohibition issue in accordance with the prayer of the petition.