STATE EX REL. GAUDYNSKI, Respondent, vs. PRUSS, Judge,. and others, Appellants.

*January 17—February ·13, 1940.*

*P. F. Leuch* of Milwaukee, for the appellants.
*E. J. Mueller* of Milwaukee, for the respondent.

WICKHEM, J.   On May 20, 1936, a judgment was entered in the civil court of Milwaukee county in favor of Walter M. Gaudynski against Bridget Czerwinski and Louis J. Czerwinski upon a judgment note made by the Czerwinskis to Gaudynski.   On June 10, 1936, Louis J. Czerwinski moved to vacate the judgment as to himself upon the ground that the debt was discharged in bankruptcy, and an order to that effect was entered on June 26, 1936.   On May 6, 1937, defendant Bridget Czerwinski made application to the civil court to vacate the judgment as to her.   She supported this motion by an affidavit in which she set forth that her signature to the note was induced by fraud and misrepresentation as to its amount; that the payee did not perform any services for her that could be reasonably worth the amount of the face of the note; that the note arose out of a real-estate transaction whereby affiant and her husband purchased a piece of land and Gaudynski aided in closing the deal; that the expenses of the transaction were fully paid by affiant and her husband, and that Gaudynski induced affiant to sign

the note for the sum of $1,000, which was the equivalent of five per cent on the purchase price of the property; that Gaudynski was not entitled to any such sum, but only to the reasonable value of his services; that less than a year has elapsed since the entry of the judgment sought to be vacated; that affiant has a defense of fraud and misrepresentation to the action; that she has stated her case to P. F. Leuch, her attorney, and has been informed that she has a meritorious defense. Attached to the moving papers is an answer setting up that she was not informed of the fact that the note was for the sum of $1,000; that the note was given for services the reasonable worth of which was not in excess of $200. On June 26, 1937, more than a year after the entry of the judgment, the judge of the civil court took under advisement the application to vacate the judgment, and on July 31, 1937, entered an order reopening the judgment, permitting the answer to stand, and adjourning the case to a later date for trial. Thereupon, plaintiff sought the writ of prohibition which was ultimately granted and from which this appeal is taken.

Appellants contend, (1) that the circuit court had no power to issue a writ of prohibition directed to the civil court of Milwaukee county to prohibit it from trying a case in which it had exercised, whether rightly or wrongly, its power to vacate a judgment previously entered by it; (2) that the circuit court erred in placing the burden of proof upon defendant to show that the notice of entry of judgment was given less than a year prior to the date upon which the judgment was vacated; (3) that the circuit court erred in concluding that Louis J. Czerwinski was the agent of Bridget Czerwinski and that notice to him was notice to her; (4) that the circuit court erred in concluding that July 28, 1936, was the date of constructive notice to Bridget Czerwinski.

Coming to the first point, the constitution of the state of Wisconsin provides, sec. 8, art. VII:

"The circuit courts shall have original jurisdiction in all matters civil and criminal within this state, not excepted in

this constitution, and not hereafter prohibited by law; and appellate jurisdiction from all inferior courts and tribunals, and a supervisory control over the same. They shall also have the power to issue writs of *habeas corpus, mandamus,* injunction, *quo warranto, certiorari,* and all other writs necessary to carry into effect their orders, judgments and decrees, and give them a general control over inferior courts and jurisdictions."

Sec. 269.46 (1), Stats., provides as follows:

"The court may, upon notice and just terms, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him obtained, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission in any proceeding."

Sec. 21, ch. 549, Laws of 1909, provides:

"The said civil court shall have power to open any default judgment rendered by it within one year from the docketing of such judgment, except when an appeal has been taken. . . ."

We do not understand that any serious question is raised as to the power of the circuit court in a proper case to issue a writ of prohibition as a means of executing its supervisory control over an inferior court. *State ex rel. Tewalt v. Pollard,* 112 Wis. 232, 87 N. W. 1107. The requirements and conditions under which a writ of prohibition may be granted have been fully set forth in *Petition of Inland Steel Co.* 174 Wis. 140, 182 N. W. 917; *State ex rel. Hustisford L., P. & M. Co. v. Grimm,* 208 Wis. 366, 243 N. W. 763; *State ex rel. Central Surety & Ins. Corp. v. Belden,* 222 Wis. 631, 269 N. W. 315. So far as this court is concerned, the writ lies, (1) to keep an inferior court within its jurisdiction, or (2) to restrain the commission of error where great hardship would otherwise result. *State ex rel. Hustisford L., P. & M. Co. v. Grimm, supra.* There is no occasion to consider whether (2) applies to the exercise of supervisory jurisdiction by the circuit court. The defect here urged is jurisdic-

tional. The civil court was without jurisdiction under sec. 269.46 (1), Stats., to vacate the judgment after the lapse of one year from the date of notice. *Fischbeck v. Mielenz,* 162 Wis. 12, 154 N. W. 701; *Belt Line Realty Co. v. Dick,* 202 Wis. 608, 233 N. W. 762. If ch. 549, Laws of 1909, were to be applied the jurisdiction ended one year from the date of docketing the judgment. The circuit court could properly exercise its supervisory control provided a showing was made, (1) that the civil court acted without jurisdiction, and (2) that an exigency sufficient to warrant use of this extraordinary power existed. The latter sufficiently appears here, for (1) the order vacating the judgment was not appealable (*Commercial Casualty Ins. Co. v. Frost,* 206 Wis. 178, 239 N. W. 454), and (2) plaintiff would be compelled to submit to a trial of the issues proposed by the answer, when this might be a wholly futile proceeding.

It is next contended that the circuit court erroneously held that the burden was upon Bridget Czerwinski fully to disclose in her moving papers in the proceedings to vacate the judgment that less than one year had elapsed since the notice of entry of judgment. Since for another reason we think the judgment must be affirmed, we deem it unnecessary to discuss this contention.

In accordance with a stipulation by the parties, although with some misgivings as to the propriety of this course, the circuit court took evidence *dehors* the record as to the time when Bridget Czerwinski had notice of the judgment. She testified that she first knew of the judgment on August 13, 1936. Her husband stated that he had never told his wife of the judgment before this date. It appeared, however, that on August 13, 1936, Bridget Czerwinski verified a petition to the circuit court for Milwaukee county for the purpose of having certain of her property declared exempt from the lien of this judgment upon the ground that the premises constituted a homestead. In this petition she states: "That on

the 28th day of July, 1936, the petitioner Bridget Czerwinski did make demand upon the judgment creditor Walter M. Gaudynski for the issuance of a release of said judgment from the homestead herein described." The circuit court found as a fact that Bridget Czerwinski swore to the truth of the facts thus recited in this affidavit, and further found that at all times involved in the transaction and the proceedings in court following it Louis J. Czerwinski, husband of Bridget Czerwinski, acted as her agent and that his knowledge was imputed to her. It seems to us, in view of the affidavit of Bridget Czerwinski indicating that she served a notice in the proceedings on the 28th of July, that a conclusion that she did not know of the judgment as early as July 28th would be against the great weight and clear preponderance of the evidence. Further, it is evident from the testimony that Louis Czerwinski did act as her agent in the proceedings and by elementary principles she is bound by his knowledge which certainly antedates July 28, 1936. These conclusions, of course, are upon the assumption that the circuit court could take evidence *dehors* the record upon a petition for a writ of prohibition. We think there is no question of the court's power in this respect. Fundamentally, the court is exercising its constitutional power of supervision. The writ of prohibition is merely a convenient means to this end. Upon application for the writ, the court is not limited as in *certiorari*. Whenever necessary it may determine an issue of fact by taking evidence. This will, of course, be an infrequent necessity, but the infrequency has nothing to do with the existence of the power. See 111 Am. St. Rep. 976. It is our conclusion that it appears from the evidence *dehors* the record that Bridget Czerwinski had actual as well as constructive notice of the entry of the judgment more than a year prior to the date upon which the judgment was vacated; and that under these circumstances the civil court had no jurisdiction to vacate the judgment.

It is finally contended that several adjournments were granted out of courtesy by counsel for Bridget Czerwinski, and that having requested adjournments which took the matter beyond the year respondents are estopped to set up want of jurisdiction to grant relief. The difficulty with this contention is that parties may not either by stipulations or an application of the principle of estoppel confer upon a court jurisdiction over the subject matter which it never had or which it has lost. *Beck v. Wallmow,* 226 Wis. 652, 277 N. W. 705.

. *By the Court.*—Judgment affirmed.