Main and another, Respondents, vs. McLaughlin, Appellant.

*December 17, 1890 — January 13, 1891.*

*Vacating order: Mistake of law: Appeal from justice's court: Dismissal.*

The mistake on the ground of which the court may vacate an order after the term at which it was entered, must be a mistake of fact and not of law. So *held*, where an order dismissing an appeal from a justice's court was procured by the respondent's attorney under a misapprehension as to its effect upon the sureties.

APPEAL from the Circuit Court for *Milwaukee* County. The facts are sufficiently stated in the opinion.

The cause was submitted for the appellant on the brief of *Tomkins, Merrill & Smith,* and for the respondents on that of *Cole & O'Keefe.*

Orton, J. The respondents obtained a judgment in the justice's court against the appellant, and the appellant appealed the case to the circuit court. At the December term

of the circuit court, 1890, the appeal was dismissed on motion of the respondents, on the ground that more than two terms of the court had elapsed since the appeal, and that said cause had not been brought to trial, or any further proceedings had therein. At the subsequent May term of the court, on motion of the respondents and against the objection of the appellant, said order dismissing the appeal was vacated and the appeal reinstated. This appeal is from this last order.

It may appear a little singular that the respondents should wish to have the appeal reinstated against the objection of the appellant, but the reason for such reinstatement is found in the affidavit of the counsel of the respondents, in support of the motion, as follows: " That after such dismissal, after a considerable negotiation between deponent and said Tomkins [the counsel of the appellant], said Tomkins raised the point that such sureties [in the undertaking on the appeal] were not liable upon the bond; and from an examination of the authorities it would seem to deponent that, in the case of the bond in question herein, the sureties are not liable unless judgment is recovered against them in the circuit court upon the appeal." It seems that, under the statute then in force, if the appeal was dismissed, the sureties could not be held to pay the judgment. But soon afterwards the statute was so amended that they could be held after the dismissal of the appeal. There is another reason given, but could not have been the ground of the order of reinstatement, and that is that said Tomkins represented that the sureties would pay the judgment if the appeal was dismissed. But Tomkins positively denied this statement in his affidavit. But, if this statement had not been denied, such a ground for the reinstatement of the appeal would be utterly frivolous. The real ground, if there was any, must have been that the counsel of the respondents procured the dismissal of the appeal under said mistake of the law.

The court had no power to vacate the order dismissing the appeal after the term at which it was entered, unless it was so entered "through mistake, inadvertence, surprise, or excusable neglect." Sec. 2832, R. S.; *Whitney v. Karner*, 44 Wis. 563; *Quaw v. Lameraux*, 36 Wis. 626; *Black v. Hurlbut*, 73 Wis. 126. It must be a mistake of fact and not of law. *Kalckhoff v. Zoehrlaut*, 43 Wis. 374; *Carmichael v. Argard*, 52 Wis. 607.

*By the Court.*— The order of the circuit court is reversed, and the cause remanded with directions to set aside the order vacating the order dismissing the appeal and reinstating the said appeal; and also the consequent order or rule on the justice to return the records and papers to the circuit court.