ELMERGREEN, Respondent, vs. KERN, Appellant.

*April 30—June 19, 1918.*

*New trial: Option to remit part of damages: Power to extend time for such remission until after appeal: Excusable neglect: Relief from order, when may be granted: Evidence: Record in another action.*

1. The trial court ordered that if, within twenty days, the plaintiff should remit from a verdict in his favor all sums in excess of $5,000, he might enter judgment for that amount, but if he failed so to remit a new trial should be had. Afterwards the court granted a stay of proceedings on the twenty-day clause in said order "until twenty days after return of *remittitur*" on an appeal from the order. *Held,* that such stay of proceedings was beyond the power of the trial court, since its effect would be to give plaintiff the right at his option to enter judgment, irrespective of the determination of the appeal, for an amount fixed in advance by the trial court.

2. Plaintiff in such case not having remitted the damages within the twenty days limited in the original order, that order became an order for a new trial, and upon the dismissal of the appeal the case stood for trial.

3. Not only the motion for relief, but also the order granting relief under sec. 2832, Stats., must be made within a year after the moving party has notice of the proceeding against which relief is sought.

4. In an action to recover damages for breach of a contract to transfer to plaintiff certain stock in the C. mining company, it appeared that a very large part of the consideration for such contract was an agreement by plaintiff to stop the prosecution of another suit, affecting the title to certain mining claims, which plaintiff had brought in Utah against other companies which were predecessors in title of the C. mining company; that defendant was a stockholder in said other companies as well as in the C. mining company; and that plaintiff did in fact prosecute the Utah suit to judgment, the result being a determination that he had no interest in said mining claims. *Held,* that the record of the Utah suit, offered in evidence by defendant, should have been received.

APPEAL from a judgment of the circuit court for Milwaukee county: JOHN C. LUDWIG, Circuit Judge. *Reversed.*

Damages on contract. The plaintiff claims that in De-

cember, 1905, the defendant made an oral contract with the plaintiff by the terms of which it was agreed that the plaintiff should stop the prosecution of a certain suit then pending in the state of Utah and refrain from bringing further action against the defendant and the Cliff Mining Company, a corporation in which the defendant was interested, and was to turn over to the defendant certain documents and memoranda; that the defendant would in consideration thereof cause to be transferred to the plaintiff a certain amount of stock in the Cliff Mining Company. The action was tried in 1909 before the late Hon. JOHN C. LUDWIG and a jury, resulting in a verdict for the plaintiff for $20,987.50. The defendant moved for judgment notwithstanding the verdict, and in the alternative for a new trial. On July 12, 1912, the trial court entered an order that plaintiff be allowed to remit from the verdict all sums in excess of $5,000, and in case the plaintiff so remitted within twenty days that he be allowed to enter judgment for that amount; but that "in case the plaintiff fails to remit as aforesaid within twenty days from and after the date of this order, then and in such case the said verdict is hereby set aside and a new trial of the issues in this action is ordered." On the same date the following entry was made on the court journal: "Plaintiff moves for a stay of proceedings on the twenty-day clause until twenty days after return of *remittitur* on the appeal about to be taken from the order of July 12, 1912. Motion granted."

From the order of July 12, 1912, both parties appealed to the supreme court, and the plaintiff failed to file any *remittitur* within the twenty days specified in the original order. The appeal was continued in this court from time to time, and finally a stipulation was entered into by the attorneys for the parties, pursuant to which an order dismissing the appeal was entered on January 12, 1915, the *remittitur* being filed in the office of the clerk of the circuit court for Milwaukee county on December 9, 1915.

Plaintiff claims that the case was continued here from time

to time against his objection; that the stipulation made by his attorney by virtue of which the appeal was dismissed here was without his authority or consent, and that he had no knowledge of the dismissal of the appeal until July, 1916. Other attorneys were employed, and in December, 1916, a motion was made in this court for a reinstatement of the appeal, based upon affidavits tending to show negligence on the part of plaintiff's attorney and want of authority in him to act in the premises. The motion to reinstate the appeal was opposed, counter affidavits were filed, and on February 13, 1917, the motion to reinstate the appeal was denied. In May, 1917, the plaintiff procured from the circuit court for Milwaukee county an order requiring the defendant to show cause why judgment should not be entered against him for $5,000 and interest, with costs, in accordance with the order of July 12, 1912. There were supporting affidavits, the motion was opposed and counter affidavits filed, and on August 1, 1917, the matter was heard before Hon. E. T. FAIRCHILD, the benefit of sec. 2832, Stats., being claimed by the plaintiff; and on August 29, 1917, a formal order was entered directing judgment in favor of the plaintiff for the sum of $5,000 and interest from the 9th day of October, 1909. Judgment was entered accordingly in favor of the plaintiff, from which the defendant appeals.

For the appellant there was a brief signed by *Flanders & Fawsett,* attorneys, and *John E. Tracy,* of counsel, all of Milwaukee, and oral argument by *Mr. Tracy.*

For the respondent there was a brief by *Umbreit, Mahon, Thompson & Jenner,* attorneys, and *Charles S. Thompson,* of counsel, all of Milwaukee, and oral argument by *Charles S. Thompson.*

ROSENBERRY, J. It is to be regretted that this appeal must be disposed of upon practice questions. It hardly needs more than a statement of the facts to show that the circuit court for Milwaukee county had no power to enter an order

permitting the plaintiff to remit all but $5,000 from the verdict and take judgment therefor twenty days after the return of the *remittitur* on appeal.   It would be an anomalous thing if a trial court by such an order could limit the effect of the appeal and predetermine the issues in favor of one or the other of the parties after the matter had been heard and determined in this court, to the extent of giving one of the parties the right at his option to enter judgment, irrespective of the determination of the appeal, for an amount fixed in advance by the trial court.   If such a practice were sustained it would make of this court a moot court instead of an appellate court.   The order of July 12, 1912, was not an appealable order unless it was an order granting a new trial.   Plaintiff did not file his *remittitur* within the twenty days, and it being beyond the power of the court to extend the time within which the plaintiff might remit and enter judgment in accordance with the original order until twenty days after the return of the *remittitur* on appeal, it must be held that the · order of July 12, 1912, became by the lapse of time an order granting a new trial.   The appeal therefrom, assuming it to be properly taken, having been dismissed, upon the filing of the *remittitur* in the circuit court for Milwaukee county the case stood for trial.

The respondent claims that the circuit court, pursuant to the provisions of sec. 2832, Stats., could extend the time within which plaintiff might elect to file the *remittitur*. That section provides:

"The court or a judge may likewise, in discretion and upon such terms as may be just, at any time within one year after notice thereof, relieve a party from a judgment, order, stipulation or other proceeding against him, through his mistake, inadvertence, surprise or excusable neglect and may supply an omission," etc.

Waiving the question as to whether or not notice to plaintiff's original attorneys was notice to him, it is conceded that plaintiff had notice of the dismissal of the appeal in the month

of July, 1916.    The decision upon the motion to extend the time within which the *remittitur* might be filed was made August 1, 1917, and the order extending the time was entered August 29, 1917.    It has been repeatedly held that it is not enough that a motion for relief under sec. 2832 be made within a year after the party has notice of the proceeding against which he is seeking relief, but that the court granting relief must act within the year.    *Fischbeck v. Mielenz,* 162 Wis. 12, 154 N. W. 701, and cases cited.

The order extending the time twenty days after the filing of the *remittitur* being beyond the power of the trial court to make in this instance, the proceeding under sec. 2832, Stats., is referred to only for the purpose of emphasizing the necessity of action by the court to which the application is made within the time there specified.

One question affecting the merits is presented by the record in this case which we think should be passed upon in view of the fact that a new trial must be had.    The facts are very intricate, the trial having extended over a period of three weeks, and we shall not attempt a full statement, but shall state only such facts as are necessary to present the question: It appears that after the making of the alleged contract in 1905, by the making of which it is claimed plaintiff agreed to stop the prosecution of a certain suit then pending in the state of Utah, he thereafter prosecuted said suit to final judgment, and in the trial of this action the record of the Utah action was offered in evidence and the trial court declined to receive it.    It appears that the suit in question, being one brought by the plaintiff here against the Ophir Tunnel Company and other defendants, affected the title to certain mining claims which were then or thereafter owned by the Cliff Mining Company.    The result of the trial of the Utah suit was a determination that the plaintiff had no interest in these claims. In the Utah suit the plaintiff in this action was the plaintiff there; the Ophir Tunnel Company, Michigan Ore Company,

A. B. Herrmann, Bernard H. Stewart, James A. Burtchart, Frank Worthing, Peter Weimer, A. N. Cherry, Albert Richter, Jessie Weimer, John B. Weimer, and Edward Pilt were the defendants. The Ophir Tunnel Company and the Michigan Ore Company were predecessors in title of the Cliff Mining Company, and the defendant here was a stockholder in said companies and also in the Cliff Mining Company. The record in the Utah suit should have been received in evidence by the trial court.

It appears from the record in this case that a very large part of the consideration for the contract which plaintiff claims the defendant here entered into was the withdrawal of the Utah suit. It also appears from the record that the information which plaintiff had, and which he agreed to turn over in part performance of his contract with the defendant, related to the so-called California claim and could not have been of very substantial value for the reason that the defendant or his company was thereafter obliged to pay $20,000 in settlement of claims based upon the adverse ownership of the California claim. If the record in the Utah suit had been received and the whole case were before us, a very serious question as to the right of the plaintiff to recover any damages other than for the value of the memoranda furnished in reference to the California claim would be presented. Had the record in the Utah action been received, the plaintiff might have offered further proof; so that the record as it stands is incomplete. The whole matter not having been presented, it cannot now be determined.

*By the Court.*—Judgment reversed, and cause remanded for a new trial.