BAHRS, Respondent, vs. KOTTKE and wife, imp., Appellants.

*January 12—May 3, 1927.*

*Estates: Merger: Mortgagee accepting quitclaim deed: Intervening liens.*

1. Whenever a legal and an equitable estate in land vest in the same person without an intervening interest, a merger results, unless it is for the interest of the holder that such estates be kept distinct.   p. 643.
2. A deed from the mortgagor to the mortgagee in satisfaction of a mortgage debt will not merge title to defeat the senior incumbrance in favor of a junior incumbrance.   p. 644.
3. Respondent filed a mechanic's lien against a farm upon which appellants had a duly recorded purchase-money mortgage, and after he had commenced an action of foreclosure and filed a *lis pendens* the appellants, without actual knowledge of the action, accepted a quitclaim deed from the owner of the farm in satisfaction of his mortgage, which, however, was not satisfied of record.   *Held* that, although the evidence establishes that appellants intended to satisfy their mortgage debt in consideration of the deed, they did not know of the lien and could not have intended to take the title subject to the junior incumbrance; and the respondent is entitled to a foreclosure of the rights of the mortgagor, but his claim is subordinate to the mortgage of the appellants.   p. 644.

APPEAL from a judgment of the circuit court for Brown county: EDGAR V. WERNER, Judge. *Reversed, with directions.*

Action to foreclose mechanic's lien.   Plaintiff had judgment of foreclosure and defendant *Gottlieb Kottke* was required to cancel and satisfy of record the purchase-money mortgage which he held against the mortgagor, Bastian. Defendants *Kottke* appealed.

*C. W. Lomas* of Green Bay, for the appellants.

For the respondent the cause was submitted on the brief of *E. C. Smith* of Appleton.

The following opinion was filed February 8, 1927:

CROWNHART, J.   The appellants were the owners of a farm in Brown county, Wisconsin, including stock and ma-

chinery, which they sold to one Bastian and wife, receiving $1,000 on the purchase money, and taking a purchase-money mortgage for the balance of the purchase price, amounting to $5,800, which mortgage was duly recorded. Appellants thereafter moved to North Dakota, and Bastian and his wife went into possession of the farm and other property. Some time later the respondent drilled a well upon the farm, under contract with Bastian. There were some $200 due the respondent, which Bastian failed to pay, and respondent filed a lien and brought an action of foreclosure. He filed a *lis pendens* as provided by law. Without actual knowledge of the filing of the lien or of the foreclosure proceedings, the appellants accepted a quitclaim deed from Bastian in lieu of the foreclosure of his mortgage and in payment of the debt secured thereby. The mortgage was not satisfied otherwise nor satisfied of record. In the foreclosure of the mechanic's lien the defendants were made parties. There was no dispute on the facts in the trial of the action.

It was the contention of the respondent that the taking of the quitclaim deed was in satisfaction of the mortgage and the debt secured thereby, and that by reason thereof the legal and equitable title to the farm thereby merged and the appellants became the legal owners of the farm, subject to the lien claim. of the respondent.

It is the contention of the appellants that, the appellants not having any actual knowledge of the lien claim at the time they accepted the quitclaim deed, the title did not merge as against the interest of the appellants in favor of an intervening incumbrance.

The rule, as broadly stated by this court, is:

"That a merger takes place whenever a legal and equitable estate in the same land come to one person, in the same right, without an intervening interest outstanding in a third person. Then, it is said, the equitable merges in the legal estate, the latter alone subsisting." *Scott v. Webster*, 44 Wis. 185, 193.

In *Morgan v. Hammett,* 34 Wis. 512, 524, this court said:

"Where the equitable and legal title become vested in the same person, if some other interest has intervened, there is no merger.   Neither is there any merger where it is for the interest of the mortgagee that the estates be kept distinct."

This doctrine is well substantiated by authorities cited in 41 Corp. Jur. § 872 and *infra,* where it is said:

"The question of whether a conveyance of the equity to the mortgagee results in a merger of the mortgage and fee is primarily one of the intention of the mortgagee.   The mortgagee has an election in equity to prevent a merger and keep the mortgage alive, which he may do for his own protection as against other liens or incumbrances, even though he does not indicate his intention for a long time after the conveyance of the equity to him and not until another is about to acquire from him an interest in one of the estates.   .   .   .

"A merger will not be held to result wherever a denial of a merger is necessary to protect the interests of the mortgagee, the presumption being, in the absence of proof to the contrary, that he intended what would best accord with his interests.   On this ground a merger has been denied even where the conveyance was admittedly made in satisfaction and cancellation of the indebtedness, or where the mortgagee took the conveyance under the mistaken belief that a merger would result but with no desire or agreement on his part to bring it about.   .   .   ."

See, also, *Pugh v. Sample* (123 La. 791, 49 South. 526), 39 L. R. A. n. s. 834, and note; also see 19 Ruling Case Law, p. 489, § 282.

The great weight of authority is to the effect that a deed from the mortgagor to the mortgagee in satisfaction of the mortgage debt will not merge title to defeat the senior incumbrance in favor of a junior incumbrance.

The evidence in this case establishes the fact that the appellants intended to satisfy the debt secured by the mortgage, in consideration of the quitclaim deed.   However,

appellants did not know of the lien claim of the respondent, and could not have had any actual intent to take such title subject to the junior incumbrance.

The decision of this case revolves around the equities of the parties. The respondent had his lien claim against the farm, subject to the mortgage of the appellants. There is nothing in the record to indicate that the appellants had any intention of surrendering their prior lien for the benefit of the respondent. The presumption of the law is to the contrary. The equities of the situation should be to give the respondent all the rights that he had under his lien claim prior to the issuing of the quitclaim deed, and put the appellants in as favorable a position as they were before they accepted the deed. "Equality is equity." The respondent is entitled to a judgment of foreclosure of all the right and interest that the mortgagor had in the premises prior to his giving the quitclaim deed, and nothing more. His claim is only against the mortgagor and the mortgagor's interest in the land.

*By the Court.*—The judgment is reversed, with directions to enter judgment according to this opinion.

A motion for a rehearing was denied, with $25 costs, on May 3, 1927.