PLUMBERS WOODWORK COMPANY, Respondent, vs. MERCHANTS CREDIT AND ADJUSTMENT BUREAU and another, Appellants.

*June 4—October 8, 1929.*

468

For the appellants there was a brief by *Kittell, Jaseph, Young & Everson* of Green Bay, and oral argument by *W. J. Everson.*

For the respondent there was a brief by *North, Parker, Bie, Duquaine, Welsh & Trowbridge,* attorneys, and *Samuel D. Hastings,* of counsel, all of Green Bay, and oral argument by *Walter T. Bie.*

The following opinion was filed June 24, 1929:

OWEN, J. No question is raised concerning the validity of the garnishee judgment. The commencement of this action in equity must be construed as a concession that the time has expired within which the court is authorized to relieve a party from a judgment "through his mistake, inadvertence, surprise or excusable neglect," under the provisions of sec. 269.46, Stats. The question to be considered, therefore, is whether under the circumstances here presented a court of equity may or should enjoin the enforcement of this judgment.

The judgment was rendered upon the default of the garnishee. This was in accordance with the provisions of sec. 267.10, which provides that "If any garnishee, having been duly summoned, shall fail to serve his affidavit as re-

quired in the preceding sections the court may render judgment against him for the amount of the judgment which the plaintiff shall recover against the defendant in the action for damages and costs, together with the costs of such garnishee action." The entry of the garnishee judgment was not marked by unseemly haste. The garnishee summons was served November 3d and judgment against the garnishee entered the following March 18th. It is apparent that the garnishee defendant utterly ignored the command of the garnishee summons. It is claimed that this conduct was due to the fact that the officers of the garnishee defendant had had no experience with garnishee proceedings and were not aware of the consequences that would follow their default. It is conceded by counsel for respondents that their default was not induced by a mistake of fact, but that it was the result of a mistake of law, from which a court of equity should grant relief.

Public policy requires that there should be some finality to judgments. At common law a court could not vacate or modify its judgments after the expiration of the term at which they were rendered. Sec. 269.46, Stats., has conferred upon the courts of this state power to grant relief from a judgment, within one year after notice thereof, when it results from "mistake, inadvertence, surprise or excusable neglect." The statute has thus extended the common-law power of the court to deal with its own judgments. This is important, as equity follows the law. While equity sometimes relieves from the consequences of the law it does not nullify the law. Thus, while courts of equity have not permitted the statute of frauds to become an instrument of fraud, they have never assumed to extend the statute of limitations, and it has been said:

"If one is merely betrayed into ignorance of his rights as to another by wrongful conduct of the latter until the time shall have expired for him to invoke judicial remedies to vindicate the same, such other is not thereby estopped from

pleading the limitation period in respect to the matter; that standing upon his statutory rights he may safely confess his misconduct and defy his adversary in any judicial forum." *Rowell v. Smith,* 123 Wis. 510, at p. 528 (102 N. W. 1).

While it is not intimated that sec. 269.46 imposes limitations upon the powers of a court of equity under all circumstances, it is not without influence in determining the circumstances under which such powers should be exercised.

The garnishee defendant was accorded abundant opportunity to establish its non-liability in a court of law. In *First Nat. Exch. Bank v. Harvey,* 176 Wis. 64, at p. 69 (186 N. W. 215), it is said:

"It is a general principle of equity that it will not interfere to afford relief where legal redress is available, and in order for the defendant to have any standing in a court of equity to secure the relief sought by his counterclaim he must show that he made use of and exhausted the opportunities available to him in the original action. This he has failed to do, and as he was passive and indifferent at a time when he might have secured his rights in a court of law, equity will not now afford him relief." See, also, *Schulteis v. Trade Press Pub. Co.* 191 Wis. 164, 210 N. W. 419.

The instant case can hardly be distinguished from *Landon v. Burke,* 33 Wis. 452, 461, where the defendants in an action for the foreclosure of a land contract failed to answer because they thought judgment could not be rendered against them at a term of court held in July. The court refused to vacate the judgment.

It is difficult to conceive a stronger case of wilful perversity on the part of a defendant than here appears. It paid no attention to the letter received from the attorneys advising of the entry of judgment against it. The president of the defendant company testified that he thought the attorneys were "bluffing" and made no effort to find out whether judgment in fact had been entered or the amount thereof. The term "laches" is not sufficiently strong to properly characterize its conduct. It was a wilful disregard of the proceeding of

which it had been notified in the manner provided by law. To grant relief from such conduct is to license defiance to legal procedure.

If the default resulted from a mistake of law, it gives rise to a situation in which equity is very loath to grant relief. It has been held that the mistake contemplated by sec. 269.46 is a mistake of fact, and that that section does not authorize relief for a mistake of law. *Main v. McLaughlin,* 78 Wis. 449, 47 N. W. 938. It is a general principle that equity will not relieve from mistakes of law. It is true that to this general principle there are certain exceptions, but such exceptions are very limited. Pomeroy, Eq. Jur. § 844 *et seq.* While there are cases in which courts of equity have relieved from judgments obtained through a mistake of law (see note in 30 L. R. A. 797), they are exceptional cases, and none of them is a precedent for relief here.

It is contended that this judgment resulted from fraud practiced by the attorneys for the Merchants Credit and Adjustment Bureau upon the Plumbers Woodwork Company. While it is claimed that the sheriff who served the garnishee summons told the secretary of the garnishee defendant that if it did not owe Vania anything it need not answer the summons, we do not understand that reliance is placed upon that circumstance to establish fraud. The sheriff was not the agent of the judgment creditor in the sense that the judgment creditor was responsible for such statement. The garnishee relied upon such representation at its peril. It is rather claimed that the fraud resulted from the failure of the attorneys to do more than they did to convince the garnishee defendant that judgment had been actually rendered. It is apparent that the attorneys for the judgment creditor were willing that the garnishee defendant should persist in its obtuseness until the time for opening up the judgment had expired. They did nothing more than to set that time running by giving notice of the entry of the judg-

ment.   A further effort on their part to impress the garnishee defendant with the seriousness of the situation would have been commendable, and first impression was to the effect that their conduct was subject to criticism.   It is difficult, however, to charge them with any legal obligation to do more than they did.   They took in proper sequence the steps provided by law to accord to the garnishee defendant the various notices required by law.   The situation in which the garnishee defendant finds itself is due to its wilful disregard of such notices, and .it cannot be relieved from that situation because considerate gentlemen might have taken greater pains to advise it of its peril.

*By the Court.*—Judgment reversed, and cause remanded with instructions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on October 8, 1929.