KENNEDY-INGALLS CORPORATION, Plaintiff and Appellant, v. MEISSNER and another, Defendants and Respondents: A. O. SMITH CORPORATION, Intervening Plaintiff and Appellant.

*September 10—October 6, 1959.*

For the appellant Kennedy-Ingalls Corporation there were briefs by *Whyte, Hirschboeck, Minahan, Harding & Harland,* attorneys, and *Victor M. Harding* of counsel, all of Milwaukee, and oral argument by *Victor M. Harding.*

For the appellant A. O. Smith Corporation there was a brief by *Porter, Johnson, Quale & Porter,* attorneys, and

*James N. Johnson* and *Irving W. Zirbel* of counsel, all of Milwaukee, and oral argument by *Mr. Zirbel.*

For the respondents there were briefs by *Michael Klein* and *Arnold, Philipp & Murray,* all of Milwaukee, for the Associated Sales & Bag Company, and by *Rosenbaum & Rosenbaum* and *Arnold, Philipp & Murray,* all of Milwaukee, for Roland E. Meissner, and oral argument by *Mr. Suel O. Arnold* and *Mr. Klein.*

BROWN, J.

### New Trial.

We consider that the learned trial court misinterpreted the effect of *Kennedy-Ingalls Corp. v. Meissner, supra,* in its application to the facts as they appear at and after the trial. On page 109 of that opinion we said that although Smith did not necessarily have to be made a party in order for the trial court to adjudicate the issues raised by Kennedy's complaint and the answers of the two defendants, it is absolutely essential for Smith to be made a party for the protection of Smith's own interest. The reasons given there need not now be repeated. But the right granted is for Smith's own protection. It is not granted to protect the rights of the original two parties.

Determination of the issues between Kennedy and defendants is not necessary, or may not be necessary, for Smith's presence. In the conference between the trial court and the attorneys for Kennedy and Meissner, both counsel agreed that the issues between them did not require Smith's participation. Not only were they willing to go ahead without Smith's presence but they urged the court to do so and with that understanding the trial court proceeded with the trial.

The court asked counsel if there would be complications if the supreme court might decide that Smith should have been made an intervening party. Plaintiff's counsel said that

the only consequence would be a trial later of the issues between Smith and Meissner. Our decision in the first appeal confirmed Smith's right to be a party for its own protection but that does not mean that Smith is prohibited from waiving any or all of the rights so given it. Smith has filed a waiver of participation in the trial between Kennedy and Meissner and abides by the result of that trial.

With knowledge of the fact of a pending supreme court decision, the two original parties stipulated to continue without Smith. If the supreme court had confirmed Smith's right to participate and Smith then demanded recognition of its right to participate at the trial we would have a different question. A new trial might then be required to give to Smith the opportunity to speak its piece. But that is not what happened. The parties stipulated to proceed without Smith and now Smith has made formal waiver of its right to be present and participate in the trial and to be bound by the result.

We see no reason because of anything we have said in *Kennedy-Ingalls Corp. v. Meissner, supra,* to require a new trial under these circumstances. The prior consent of two of the parties and the later consent by the third should be carried into effect. Therefore the order granting a new trial is reversed.

Numerous motions were made after verdict upon which the trial court did not rule because, in his view, they were superseded by the order for the new trial. These motions shall now be considered and determined by the trial court. We will not attempt to anticipate his decision.

### Summary Judgment.

The summary-judgment statute, sec. 270.635, is silent concerning the time when a motion for it may be made and we find no help in the annotations to the statute. But there are many cases setting forth the reason for which the sum-

mary-judgment statute was enacted. It is to avoid unnecessary delay or protracted delay in cases where there can be no issue of fact for trial. It is primarily to discourage dilatory pleading. It is not meant to cut off the statutory right to plead. We consider that a motion for summary judgment is premature when the court has pending before it a demurrer and the party against whom the motion is made is not in default in serving his complaint or answer.

We conclude that the trial court properly denied Smith's motion for summary judgment. Smith may, of course, move again for summary judgment when Meissner has answered the complaint.

*By the Court.*—Order for new trial reversed, and cause remanded with directions to proceed with motions after verdict, not inconsistent with this opinion. Order denying motion for summary judgment affirmed, and cause remanded for further proceedings according to law.