Paschong, Plaintiff and Appellant, v. Hollenbeck and others, Defendants: Durr, Defendant and Respondent.

*March 10—April 7, 1961.*

For the appellant there were briefs by *Paulsen, Wake & Prosser,* attorneys, and *Jack R. Wiedabach* of counsel, all of Milwaukee, and oral argument by *Mr. Wiedabach.*

For the respondent there was a brief by *Baker, Juliani & Stanhope* of Kenosha, and oral argument by *Robert V. Baker.*

HALLOWS, J. The basic issue is whether the trial court committed error in refusing to exercise its discretion to relieve the appellant from the order of September 14, 1959. Sec. 269.46 (1), Stats., provides a court may within one year after notice thereof relieve a party from a judgment, order, stipulation, or other proceeding obtained against him through his mistake, inadvertence, surprise, or excusable neglect. The appellant contends the failure of his attorney to take the steps necessary to protect his interest in the surplus funds constituted excusable neglect on his part because he acted as a reasonable, prudent person in engaging an attorney of good reputation, made responsible inquiry concerning the proceedings, and relied on his attorney's advice. The trial court took the position that the facts did not constitute neglect but a mistake, and while the plaintiff personally made no mistake, his counsel made one of law and such a mistake was not a basis upon which the court could exercise its discretion.

A distinction should be observed between a mistake of law as a prerequisite to the existence of the power to exercise discretion and as a reason for denying or granting relief in the exercise of that discretion. Most of the cases relied upon by the respondent go to the question of discretion, not of power. In *Carmichael v. Argard* (1881), 52 Wis. 607, 9 N. W. 470, we held the trial court did not abuse its discretion in refusing to permit the plaintiff to cure a mistake of

law on the part of his attorney by changing a cause of action from ejectment to one of quiet of title. In *Main v. McLaughlin* (1891), 78 Wis. 449, 47 N. W. 938, we reversed the reinstatement of an appeal from a justice of the peace to the circuit court where counsel for the respondent had obtained the dismissal and later desired it reinstated in order to hold the sureties on the bond. We stated a mistake under sec. 2832, R. S. 1878 (now sec. 269.46 (1), Stats.), must be a mistake of fact and not of law.

*Plumbers Woodwork Co. v. Merchants Credit & Adjustment Bureau* (1929), 199 Wis. 466, 226 N. W. 303, was not decided under sec. 269.46 (1), Stats., but was an action to enjoin an enforcement of a judgment after a year had elapsed. In that case, the garnishee defendant wilfully disregarded the summons and a letter from plaintiff's attorneys that judgment had been entered and thought the plaintiff's attorneys were bluffing. In reversing the trial court, we pointed out that if the default judgment was a result of a mistake of law on the part of the defendant, equity was very loath to grant relief as a general rule, relying on the *McLaughlin Case*. However, exceptions to the general rule were pointed out, citing 3 Pomeroy, Eq. Jur. (5th ed.), p. 298, sec. 844, and Anno. 30 L. R. A. 797. Again, in *State ex rel. Borgen v. Nitz* (1948), 252 Wis. 155, 31 N. W. (2d) 193, we affirmed the trial court, which in the exercise of its discretion denied relief under this section from a judgment obtained through a mistake of law. It is true in *Padek v. Thornton* (1958), 3 Wis. (2d) 334, 88 N. W. (2d) 316, this court cited 6 Callaghan's, Bryant, Wisconsin Pleading and Practice (3d ed.), pp. 11, 12, sec. 40.11, to the effect that:

"The word 'mistake' used in the statute as indicating one ground of application does not apply to a mistake of law."

It is plain the defendant was advised of his rights by the court and in disregard thereof entered into a stipulation. The case did not involve a mistake of law.

The statement of the rule that a mistake of law is not within the contemplation of sec. 269.46 (1), Stats., is too broad and absolute applied either to the existence of the power of the trial court or to the exercise of its discretion. Sec. 269.46 (1) is a remedial statute which dates back to ch. 125, sec. 38, R. S. 1858, and should be liberally construed. *Kennedy v. Waugh* (1868), 23 Wis. 468, involved an action to foreclose a mortgage and the defendant failed to put in his answer a denial of an allegation of collusion in the procurement of a tax deed. The defendant's counsel was mistaken in believing the answer on file would let in proof of such a defense. After judgment, the trial court in its discretion set aside the judgment and granted a new trial. We affirmed, holding it was a case of excusable negligence and also on the ground of surprise, stating, in effect, that a client ought not to lose the benefit of a valid defense as a consequence of his attorney's omission.

In equity, the modern trend of judicial opinion is toward liberalizing the general rule that equity does not relieve from mistakes of law. 3 Pomeroy, Eq. Jur. (5th ed.), p. 323, sec. 851b. From an early date, this court has held that ill advice or advice based on a mistake of law by an attorney is grounds for relief in equity. *Wicke v. Lake* (1867), 21 Wis. 416 (*410); *Whereatt v. Ellis* (1887), 70 Wis. 207, 35 N. W. 314. A distinction has also been made by some courts between an attorney's mistake of law and mere ignorance of the law. See *Vartanian v. Croll* (1953), 117 Cal. App. (2d) 639, 256 Pac. (2d) 1022; *Bacon v. Mitchell* (1905), 14 N. D. 454, 106 N. W. 129. The facts in *Duenow v. Lindeman* (1947), 223 Minn. 505, 27 N. W. (2d) 421,

429, would indicate that Minnesota relieves a client where he relied on the advice of his attorney that an answer was not necessary. That court said (p. 518):

"A litigant is not to be penalized for the neglect or mistakes of his lawyer. Courts will relieve parties from the consequences of the neglect or mistakes of their attorney, when it can be done without substantial prejudice to their adversaries."

Sec. 269.46 (1), Stats., does not expressly provide what kind of a mistake the court may relieve from and, to fulfil its equitable purpose, should not be restricted to mistakes of fact. The trial court was obviously misled by the broad statements in the decisions of this court previously cited. We hold now that a mistake of law does not prevent the court from exercising its discretion under sec. 269.46 (1), and the nature of such a mistake is properly to be considered with the other facts in determining whether relief ought or ought not to be granted. Since the trial court had the power to exercise its discretion, it was an error of law not to do so and calls for reversal regardless of what the result of such exercise might have been. *Hart v. Godkin* (1904), 122 Wis. 646, 100 N. W. 1057. This appeal does not involve a question of abuse of discretion because the trial court never exercised such discretion. It merely refused to exercise the power of discretion under the belief the power did not exist. This is an error of law and eliminates any question of whether there was an abuse of discretion. *Smith v. Dragert* (1884), 61 Wis. 222, 21 N. W. 46; *Binder v. McDonald* (1900), 106 Wis. 332, 82 N. W. 156.

The argument of appellant goes beyond the question of mistake of law. He contends sec. 269.46 (1), Stats., refers to him and not his attorney and, therefore, the conduct of his counsel is not to be imputed to him. He argues his reliance on his attorney constitutes excusable neglect. There

is authority for the rule that the ill advice, the mistake of law, or the failure on the part of an attorney, may constitute excusable neglect on the part of the client when the client has acted as a reasonable, prudent person in engaging an attorney of good reputation, has relied on him to protect his rights, and has made reasonable inquiry concerning the proceeding. It is admitted the appellant engaged competent counsel, as the trial court said "certainly one of the most-respected law firms in the First judicial circuit." The appellant, when he received payment of the proceeds from the foreclosure sale of his first mortgage, asked his counsel when he would receive payment of his tax certificates, which he was advised by counsel to purchase before starting the foreclosure. He was advised the tax certificates would be paid in due time, would remain a lien, and no steps to collect them were necessary. The appellant took no steps to collect the amount of his tax certificates and neither did his attorney.

A mistake of law on the part of an attorney may give rise to a case of excusable neglect on the part of his client. We think a court of equity is not bound to impute to a client everything his attorney does or omits to do. Such imputation was not made by this court in *Wicke v. Lake* and *Whereatt v. Ellis, supra.* Negligence of an attorney has not been imputed to his client so as to bar him from claiming excusable neglect and being granted relief in the discretion of the trial court. *Babcock v. Perry* (1856), 4 Wis. 45 (*31); *Flanders v. Sherman* (1864), 18 Wis. 603 (*575). We stated in *Behl v. Schuette* (1897), 95 Wis. 441, 70 N. W. 559, at page 443:

"Under the statutes providing for the relief of a party from the consequences of mistake, inadvertence, surprise, or excusable neglect (sec. 2832, R. S.), a party may properly be held excusable for the negligence of his attorney, and be rel'eved from such negligence on proper terms."

Reliance by a client on his attorney who committed acts of negligence was also relieved on the ground of excusable neglect in *Bloor v. Smith* (1901), 112 Wis. 340, 87 N. W. 870; *Laun v. Kipp* (1914), 155 Wis. 347, 145 N. W. 183; and *Spencer v. Osberg* (1913), 152 Wis. 399, 140 N. W. 67. See also 30A Am. Jur., Judgments, p. 640, sec. 671, where the rule is explained on the ground that in some cases the particular neglect, omission, or mistake was excusable and of such a character it would have warranted relief had it been due to the party rather than the attorney and sometimes on the grounds that neglect, mistake, or omission of an attorney is not to be imputed to his client so as to bar him from relief from a judgment resulting therefrom and the latter rule prevails where the client used due care in the selection of an attorney to represent him. We see no distinguishing difference between a mistake of law, ill advice, neglect, or other actions and omissions by an attorney in the application of sec. 269.46 (1), Stats. This is not to say that such conduct of an attorney is never to be imputed to his client. In applying this section the court is exercising equitable powers to secure substantial justice between the parties under all the circumstances. This legal discretion may or may not call for imputation depending upon the facts of the particular case.

The respondent contends that it would be useless to remand the case because a year has elapsed from the order of September 14, 1959, and the trial court can no longer act and also the foreclosure judgment and order confirming the sale must be amended. It is true a trial court under sec. 269.46 (1), Stats., must act upon the motion within the year of the notice of the judgment from which relief is sought. *Fischbeck v. Mielenz* (1916), 162 Wis. 12, 154 N. W. 701; *Elmergreen v. Kern* (1918), 167 Wis. 560, 168 N. W. 407; *State ex rel. Hall v. Cowie* (1951), 259 Wis. 123, 47 N. W.

(2d) 309; *State ex rel. Gaudynski v. Pruss* (1940), 233 Wis. 600, 290 N. W. 289. However, this section was not intended to apply where the trial court acted within the year and a reversal results on appeal. The argument of the respondent would, in many cases of erroneous action by the trial court, foreclose an appellant from an effective appeal. In this case where this court cannot rectify the error on appeal as we did in *Estate of Baumgarten* (1961), 12 Wis. (2d) 212, 107 N. W. (2d) 169, the trial court is not foreclosed from acting pursuant to our mandate. In *Baumgarten* we granted relief without remanding the case because the trial court stated it would have granted that relief in its discretion if it had the power. Here, we do not know the view of the trial court, and we will not substitute our discretion for that of the trial court. Sec. 269.46 (1) does not foreclose this court from deciding an appeal and ordering further proceedings after the year has elapsed. In a somewhat-analogous situation we ordered a trial court to decide motions after verdict after the time had expired. See *Kennedy-Ingalls Corp. v. Meissner* (1959), 8 Wis. (2d) 126, 98 N. W. (2d) 386.

The appellant has made a sufficient showing to have the trial court hear the motion on its merits. It is true the appellant did not add the amount of his tax certificates to the judgment and did not make provisions in the judgment that the tax certificates could be added later, but this is not fatal to the appellant's cause. Sec. 278.10(4), Stats., is not compulsory but permissive. Likewise, the amount of the tax certificates might have been added under sec. 74.695. Also sec. 74.67 gives an additional lien. Appellant also claims that under sec. 278.102, Stats. 1957, if any surplus is paid into court by the sheriff, any party to the action or a person not a party who has a lien on the mortgage premises at the time of sale, may file a claim. See *Kienbaum v. Haberny* (1956), 273 Wis. 413, 78 N. W. (2d) 888.

Respondent claims the trial court has already exercised its discretion in the collateral suit, *i.e.,* the action to quiet title wherein the appellant unsuccessfully defended the lien of his tax certificates against a motion for summary judgment. The correctness of that decision is not before us nor do we know from the record what the issues and the grounds of the decision were. In *Marwalt Realty Co. v. Greene* (1937), 224 Wis. 1, 271 N. W. 648, we pointed out that payment of taxes may mean one thing in a given situation and quite another thing in a different situation. There, "payment of taxes" meant the mortgagor was required to redeem tax certificates as a condition to the extension of the period of redemption. We also stated the buying of outstanding tax certificates or the redemption from tax sale by a mortgagee was construed as a payment of taxes by him and gave him a right to recover therefor under his mortgage. See also *Bahrs v. Kottke* (1927), 192 Wis. 642, 212 N. W. 292, wherein we stated a merger does not necessarily take place when a mortgagor quitclaims the premises to the mortgagee and does not when it is to the mortgagee's interest that it should not. We point this out only to answer the contention of respondent that no relief can be granted by the trial court in the exercise of its discretion.

The respondent also claims it would be inequitable to Durr to remand the case because a new foreclosure sale would be necessary and he would be required to redeposit into court the amount of the tax certificates. The trial court can, in the exercise of its discretion, fix such "just terms" as the facts warrant under sec. 269.46 (1), Stats. However, we see no merit in the argument that a new sale is required. The other contentions are addressed to the discretion of the trial court which, no doubt, will consider them.

*By the Court.*—The order is reversed, and the cause remanded for further proceedings consistent with this opinion.