DOHENY, Appellant, v. KOHLER, Respondent.

*No. 75–380. Submitted on briefs May 4, 1977.—Decided June 14, 1977.*
(Also reported in 254 N.W.2d 482.)

For the appellant the cause was submitted on the brief of *Rabinovitz & Sonnenburg* of Sheboygan.

For the respondent the cause was submitted on the brief of *Jack H. Kalman* of Sheboygan.

ROBERT W. HANSEN, J.   The axiom "Hope springs eternal" is particularly true where there is a chance of gain and no risk of loss.  So it is not unusual for a divorce litigant to stipulate to a proposed division of estate in a divorce action, and, subsequently, to repent of the bargain made.  Given such change of heart and mind, it is not unusual for an action to be brought seeking a modifica-

tion of the divorce judgment as to division of estate, even though such division was based on a joint stipulation of husband and wife in the divorce proceeding. That is the situation here.[1] With new counsel engaged to seek and secure a more favorable result, it is also not unusual for the successor to target the recommendation of his client's trial counsel that the stipulation be agreed to. That is also the situation here.[2] So, eight years after the decree of absolute divorce was entered, plaintiff here seeks to modify the judgment as to a property division that was based upon a stipulation of the parties.

In this state four avenues of relief are open to a party challenging a judgment in the trial court:[3]

(1) Sec. 269.46(1), Stats., provides relief from a judgment on the grounds of mistake, inadvertence, surprise or excusable neglect at any time within one year after notice of the judgment. Clearly this time has passed in the case before us.

(2) Sec. 269.46(3), Stats., provides that a judgment may be reviewed "at any time within 60 days from service of notice of entry thereof, but not later than 60 days after the end of the term of entry thereof." As clearly, this time has also passed in this case.

(3) Sec. 274.36, Stats., provides for further proceedings in trial court where the supreme court orders

[1] Appellant's Brief, page 3, plaintiff's counsel on this appeal stating: "The issue before this Court is whether said Judgment of Divorce can be set aside and modified as to the evaluation placed on the common stock."

[2] *Id.* at 3, plaintiff's counsel on this appeal stating: "It is the contention of the plaintiff that her then counsel failed and omitted to present to the Court for seeking approval of the Stipulation adequate or sufficient facts for approval of the valuation of $100 per share of said stock."

[3] *Conway v. Division of Conservation*, 50 Wis.2d 152, 156 (n. 1), 183 N.W.2d 77 (1971), citing *State v. Conway*, 40 Wis.2d 429, 435, 162 N.W.2d 71 (1968).

further action or proceedings. Obviously this statute is not applicable to this case.

(4) The fourth avenue is an independent action in equity to restrain enforcement of the unconscionable judgment. Except for the power of the court to vacate a judgment that is void, or to correct the judgment so as to conform to the actual pronouncement of the court, this is the only road that avoids the time limits of the above three statutes. Of this authority of a court in equity to restrain enforcement of a judgment, our court has held that it should be exercised " '. . . sparingly, and only in cases where serious inequity, approaching at least the unconscionable, would result from carrying out the original judgment.' "[4] It is the relief on such equitable grounds that the plaintiff here seeks to secure, even though the judgment has been carried out.

As the basis for her claim to equitable relief in her complaint, the plaintiff alleged that her defendant husband, in the divorce action, ". . . did wilfully, falsely and fraudulently conceal from the plaintiff and the Court the true value of his assets particularly as to the value and amount of the stock of the Kohler Company." We see and draw a distinction between concealment as to amount and as to a representation as to value. Deliberate concealment of the existence of stock or property holdings would, almost ipso facto, constitute not only a fraud on the court, but also would render incomplete the division of estate in the divorce decree. However, as to statements of value, much as occurs in settling a claim

---

[4] *State v. Conway, supra*, n. 3, at 437, quoting *Welfare Building & Loan Asso. v. Hennessey*, 2 Wis.2d 123, 86 N.W.2d 1 (1957). Of the showing required to activate the power of equity to relieve against the portion of the judgment complained of, this court, in *Hennessey* concluded at 128: "No fraud is asserted, no sharp practice on plaintiff's part, no overreaching; substantially nothing but the economic misfortune of the defendant [was shown]."

for personal injuries, some measure of overstatement of value by one party and understatement of value by the other is to be anticipated in the bargaining or negotiations for a stipulation as to property division in a divorce action. Both parties have the opportunity not only to investigate but also to produce testimony as to value of stock or property holdings where such value is in dispute. It is true that this court in a 4-to-3 decision held that "proof as to value is at the very least germane to an inquiry into alleged fraud."[5] But in the dissenting opinion, three justices agreed that:

". . . where the parties enter into a stipulation providing for a division of estate and the stipulation has the approval of the court that in the absence of a showing of concealment of assets the complaining party cannot be relieved from the effects of the stipulation unless he acts within the year pursuant to sec. 269.46, Stats."[6]

We find the dissent to be a proper statement of the law on the point involved, accepting it and withdrawing any language in the majority opinion in *Houston* that conflicts. The reason for so doing should be clear: If, in negotiating a stipulation to be submitted to the court in a divorce action, a party litigant, husband or wife, elects not to check on a statement as to value of an asset made by the other party, that is, at the most, a "mistake" or "excusable neglect," covered by sec. 269.46(1), Stats., and remedy on such account must be sought within the one-year time limit set by such statute. In the case before us, the distinction here made between cases where there is a stipulation or shared recommendation of the parties as to division of estate and those cases where there is not is not crucial. Here the trial court found

[5] *Houston v. Houston*, 27 Wis.2d 301, 304, 134 N.W.2d 433 (1965), citing and distinguishing *Weber v. Weber*, 260 Wis. 420, 51 N.W.2d 18 (1952).

[6] *Id.* at 306, BEILFUSS, J. dissenting, joined by CURRIE, C. J. and HALLOWS, J.

that at the time of the divorce proceedings there was "no proof that any representation [as to value of the stock] was made by the defendant."[7] Review of the record indicates that not only is that finding correct, but, in fact, on this appeal, plaintiff has largely abandoned her original claim that her defendant ex-husband fraudulently misrepresented the value of the Kohler stock at the time the stipulation was entered into. Instead, on this appeal, plaintiff relies for her right to equitable relief on the claim that her trial counsel made an inadequate investigation as to the value of the stock,[8] and that "any acts on the part of her counsel are not imputed to her and that she is not responsible for same and had a right to believe and rely upon them."[9]

There are several weaknesses, each terminal, in this contention that inadequacy of trial counsel representation entitles plaintiff to a setting aside or modification of the divorce court judgment of 1967. The trial court in this action found that plaintiff's trial counsel did make his own independent and adequate investigation as to the value of the Kohler Company stock.[10] The record

[7] The trial court also stated: "The plaintiff has pleaded intentional deceit. The plaintiff has not proved that there was representation of an untrue fact nor any of the other elements necessary to establish deceit."

[8] Appellant's Brief, page 3, plaintiff's counsel on this appeal stating: "The relief sought by the plaintiff is based upon the inadequate, improper manner in which her then counsel did, by representations to her, present the matter to the Trial Court on the value of said common stock and the representations by defendant to plaintiff as to the value of said stock. . . ."

[9] *Id.* at page 5.

[10] The trial court stated: "[H]e [plaintiff's trial counsel] had made his own investigation as to the market value of the Kohler Company stock in preparation for the divorce trial. This he did with the assistance of his law partner and by conferences with certain persons knowledgeable in the field and who had information

amply sustains and supports that finding. Moreover, plaintiff testified, as the trial court noted in its memorandum decision, that "she did not believe the figure used as the market value at the time of divorce was correct and that she did not rely on it. Nevertheless, she did enter into the stipulation." The responsibility for so doing was hers, not her counsel's. We agree with the trial court that there is no basis in this record for faulting or declaring inadequate the representation given plaintiff by her trial counsel at the time of the divorce trial.

Even if there could be located, somewhere in this record, evidence of inadequate representation of plaintiff by her trial court counsel at the time of the divorce, her right to seek in equity a modification of the divorce judgment, initiated beyond the one-year limit of sec. 269.46 (1), Stats., is not, ipso facto, established. Our court has held that: "A mistake of law on the part of an attorney may give rise to a case of excusable neglect on the part of his client,"[11] and added: "We see no distinguishing difference between a mistake of law, ill advice, neglect or other actions and omissions by an attorney in the application of sec. 269.46 (1), Stats."[12] While holding that the one-year limit did not apply where the trial court acted within the year and reversal resulted on ap-

about Kohler Company stock. He arrived at what he felt was the market value per share. He did this without relying upon any type of representation made by the defendant or his attorney. . . ."

[11] *Paschong v. Hollenbeck,* 13 Wis.2d 415, 423, 108 N.W.2d 668 (1961), also citing and quoting *Behl v. Schuette,* 95 Wis. 441, 443, 70 N.W. 559 (1897), this court holding: " 'Under the statutes providing for the relief of a party from the consequences of mistake, inadvertence, surprise, or excusable neglect (sec. 2832 R.S.), a party may properly be held excusable for the negligence of his attorney, and be relieved from such negligence on proper terms.' "

[12] *Id.* at 424.

peal, this court repeated that: "It is true that a trial court under sec. 269.46(1), Stats., must act upon the motion within the year of the notice of judgment from which relief is sought."[13] If it had been, as it was not, here established that plaintiff's trial attorney should have more assiduously or thoroughly investigated the value of the Kohler Company stock, reliance of plaintiff on such investigation (here such reliance was negatived by plaintiff's testimony) could be relieved on the ground of excusable neglect only within the one-year limit of sec. 269.46(1) Stats. The situation as to entitlement to equitable relief beyond the one-year statutory time limit would be different ". . . where an attorney fraudulently or without authority assumes to represent a party or connives at his defeat, or where the attorney regularly employed corruptly sells out his client's interest to the other side. . . ."[14] No such claim of fraud or corrupt conduct is here raised as to either the defendant or the plaintiff's counsel. In fact, no claim of misrepresentation as to stock value was established against the defendant and no claim of inadequate representation proved against plaintiff's trial counsel.

Even if this effort to reopen and modify the divorce judgment of March 30, 1967, had been instituted by plaintiff-appellant within the one-year time limit mandated by sec. 269.46(1), Stats., we would hold on this record that this plaintiff had not made out a case for relief on the ground of excusable neglect. With the

[13] *Id.* at 424, citing *Fischbeck v. Mielenz*, 162 Wis. 12, 154 N.W. 701 (1916); *Elmergreen v. Kern*, 167 Wis. 560, 168 N.W. 407 (1928); *State ex rel. Hall v. Cowie*, 259 Wis. 123, 47 N.W.2d 309 (1951); and *State ex rel. Gaudynski v. Pruss*, 233 Wis. 600, 290 N.W. 289 (1940).

[14] *United States v. Throckmorton*, 98 U.S. 61, 66 (1878) cited and quoted in *Boring v. Ott*, 138 Wis. 260, 268, 119 N.W. 865 (1909).

action commenced eight years after entry of judgment, no case was made out for equitable relief on the ground that a fraud on the court, constructive or otherwise, took place.[15] The allegations in plaintiff's complaint as to misrepresentation by the defendant or inadequate investigation by plaintiff's trial counsel (as to the value of the Kohler Company stock) are not supported by the evidence, and, under these circumstances, even if supported would not establish grounds for a modification of the judgment beyond the one-year limit set by sec. 269.46 (1), Stats. The judgment stands.

*By the Court.*—Judgment affirmed.

---

[15] *See: Estate of Hatzl,* 24 Wis.2d 64, 71, 127 N.W.2d 782, 129 N.W.2d 249 (1964), this court there concluding: "Since the respondent has not made a case for reopening the final judgment of October 15, 1959, under sec. 269.46(1), Stats., and a fraud on the court, constructive or otherwise, has not been alleged or proved, the judgment must stand. . . ."