VILLAGE OF BIG BEND, Plaintiff-Respondent,

v.

John U. ANDERSON, Defendant-Appellant.

Court of Appeals

*No. 80–1472. Submitted on briefs April 30, 1981.—
Decided June 10, 1981.*
(Also reported in 308 N.W.2d 887.)

For the defendant-appellant the cause was submitted on the brief of *Thomas E. Warmington* and *Cathy A. Warmington* of *Warmington & Warmington, S.C.* of Waukesha.

For the plaintiff-respondent the cause was submitted on the brief of *T. Michael Schober* of *Schober & Radtke* of New Berlin.

Before Voss, P.J., Brown and Scott, JJ.

BROWN, J. The primary issue on this appeal is whether a party in a civil case may obtain a reversal of an adverse judgment on the grounds of ineffectiveness of counsel at trial. We conclude an aggrieved party's remedy does not lie against the opposing party in the civil suit but rather should be sought in a malpractice action against the allegedly incompetent attorney. We also find the trial court's findings are supported by sufficient evidence and accordingly affirm the judgment.

This case arises out of a contract dispute between the Village of Big Bend and John U. Anderson. On January 5, 1978, the village conveyed to Anderson a parcel of property for construction of an industrial building. The contract contained the following language:

Village has the right to rescind the sale and repurchase this lot at 75% of the sale price in the event an industrial building is not constructed on said lot within one year of the date the lot is finally purchased.

Anderson failed to build within the one year period. The village notified Anderson that it intended to exercise its option to repurchase the property. This action was commenced May 16, 1979. Several attempts to reach a negotiated settlement were made during the course of the litigation. The dispute was discussed at the April 3, 1980 village board meeting. The official minutes read:

Mr. Anderson's Attorney said they would pay the $2,500.00 and complete the building by Aug. 31. Matter to be settled later.

A building permit was thereafter issued and construction began. However, a final settlement was never reached. The permit was later rescinded and construction ceased.

On July 21, 1980, a trial was held to the court which resulted in a judgment in favor of the village. On appeal, Anderson points out several instances of alleged incompetence of his trial counsel which he argues "reduce[d] the trial to a farce and a mockery of justice."[1] He contends his representation was so ineffective as to constitute a denial of due process of law. Therefore, he contends that the judgment should be reversed.

Initially, it must be emphasized that this is not a criminal action. A defendant in a criminal prosecution is guaranteed assistance of counsel for his defense. U.S. Const. amend. VI; Wis. Const. art. I, §7. *See also Powell v. Alabama,* 287 U.S. 45 (1932). Legal representation in a criminal matter "must be equal to that which the ordinarily prudent lawyer, skilled and versed in criminal law, would give to clients who had privately retained his services." *State v. Harper,* 57 Wis.2d 543, 557, 205 N.W.2d 1, 9 (1973). Representation falling below that standard may be grounds for a reversal.

A civil suit presents far different considerations. There is no express constitutional guarantee of representation by counsel in a civil matter. Unlike many criminal defendants who are represented by court-appointed counsel, parties in a civil action retain the counsel of their choice. In a criminal case, a defendant's liberty is at stake, and the prosecutorial force of the state is involved. While potentially involving large sums of money, a civil matter is not penal in nature, and the state is generally not directly involved.[2] Despite these distinct

[1] For example, Anderson's attorneys on appeal point out numerous objections that were not raised at trial. They contend that the attorney's cross-examination was not adequate and point out several substantive defenses and/or counterclaims which could have been raised.

[2] For a comprehensive discussion on whether a matter is deemed criminal or civil in nature, *see Layton School of Art & Design v.*

characteristics, Anderson urges this court to define a minimum standard in the civil arena similar to that established for a criminal matter. We decline to do so.

His rights, however, may be vindicated in a different fashion so as not to prejudice the village. For instance, in *Link v. Wabash Railroad*, 370 U.S. 626 (1962), the petitioner sought reversal of an order dismissing his complaint after his counsel failed to appear for a scheduled pretrial conference. The Supreme Court affirmed the dismissal stating:

Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent . . . .

*Id.* at 633–34. Then, in a footnote, the Court considered the equitable impact of its ruling:

[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant. [Emphasis omitted.]

*Id.* at 634, n. 10. *See also Universal Film Exchanges, Inc. v. Lust,* 479 F.2d 573, 577 (4th Cir. 1973) ; *Schwarz v. United States,* 384 F.2d 833, 835–36 (2d Cir. 1967).

We adopt the *Link* rationale that the client's remedy in a civil case is a suit for malpractice. A civil litigant whose rights have been adversely affected by a negligent attorney may hold that attorney liable for any monetary losses caused by the negligence. Adequate compensation

*Wis. Employment Relations Comm'n,* 82 Wis.2d 324, 262 N.W.2d 218 (1978).

may be measured in dollars and cents. A criminal defendant represented by an incompetent attorney cannot be compensated monetarily. Therefore, his or her sole remedy lies in an attack on the merits of the conviction.

There are other remedies available. This court may, if the case demands it, reverse a trial court's determination under sec. 752.35, Stats.[3] If the trial record reveals an egregious example of incompetent counsel, we may, "to accomplish the ends of justice," order a discretionary reversal. *Id.* The standard of review is whether the evidence and the law are such that the losing party "probably should have won and should therefore be given another chance." *Sentell v. Higby,* 87 Wis.2d 44, 50, 273 N.W.2d 780, 783 (Ct. App. 1978). It is conceivable that such a case might arise due to extreme attorney negligence. This case, however, does not meet the strict standard for a discretionary reversal.

This is not to say that parties must wait until a proceeding is completed to protect themselves from an incompetent attorney. A trial judge has a duty to protect the rights of the litigants in his or her court. As was stated in *Ennis v. Ennis,* 88 Wis.2d 82, 97, 276 N.W.2d 341, 347 (1979):

[T]rial courts have not only the power but the duty to intervene where the professional misconduct of an at-

---

[3] Section 752.35, Stats., provides:

In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

torney before it affects the substantial rights of the parties.

Even following judgment, a trial court is empowered under sec. 806.07, Stats.,[4] to, upon motion, grant relief on the grounds of "excusable neglect." In *Paschong v. Hollenbeck,* 13 Wis.2d 415, 108 N.W.2d 668 (1961), the supreme court quoted with approval the following statement from *Behl v. Schuette,* 95 Wis. 441, 443, 70 N.W. 559 (1897):

"Under the statutes providing for the relief of a party from the consequences of mistake, inadvertence, surprise, or excusable neglect . . . a party may properly be held excusable for the negligence of his attorney, and be relieved from such negligence on proper terms."

*Paschong,* 13 Wis.2d at 423, 108 N.W.2d at 673.

This is a discretionary decision by the trial court which should be guided by the interests of justice. In *Paschong,* the court stated:

This is not to say that such conduct of an attorney is never to be imputed to his client. In applying this section the court is exercising equitable powers to secure substantial justice between the parties under all the circumstances. This legal discretion may or may not call for imputation depending upon the facts of the particular case.

*Id.* at 424, 108 N.W.2d at 673.

In this case, the trial judge clearly fulfilled his duties outlined in *Ennis.* He made every effort to achieve a fair hearing of the dispute. At the outset, after Anderson's attorney displayed confusion as to the nature of

---

[4] Section 806.07, Stats., provides:

(1) On motion and upon such terms as are just, the court may relieve a party or legal representative from a judgment, order or stipulation for the following reasons:

(a) Mistake, inadvertence, surprise, or excusable neglect;

. . . .

the proceeding, the judge offered Anderson a continuance to afford him the opportunity to retain new counsel. Anderson declined. The judge liberally allowed Anderson to testify, over village objection, regarding an alleged waiver of the contract clause. Full opportunity to present his defense was given to Anderson. In addition, no motion was made for relief under sec. 806.07, Stats. Even had such motion been made, the trial court would have been within its discretion to deny relief.

Anderson next argues the trial court erroneously ruled that sec. 62.23 (5), Stats.,[5] applied to the present transaction. His assertion is derived from a number of discussions during trial wherein the trial judge questioned the possible applicability of the statute to this case. The court was of the opinion that if the statute were controlling, failure of the parties to comply therewith would

---

[5] Section 62.23 (5), Stats., provides:

(5) MATTERS REFERRED TO CITY PLAN COMMISSION. The council, or other public body or officer of the city having final authority thereon, shall refer to the city plan commission, for its consideration and report before final action is taken by the council, public body or officer, the following matters: The location and architectural design of any public building; the location of any statue or other memorial; the location, acceptance, extension, alteration, vacation, abandonment, change of use, sale, acquisition of land for or lease of land for any street, alley or other public way, park, playground, airport, area for parking vehicles, or other memorial or public grounds; the location, extension, abandonment or authorization for any public utility whether publicly or privately owned; all plats of lands in the city or within the territory over which the city is given platting jurisdiction by ch. 236; the location, character and extent or acquisition, leasing or sale of lands for public or semipublic housing, slum clearance, relief of congestion, or vacation camps for children; and the amendment or repeal of any ordinance adopted pursuant to this section. Unless such report is made within 30 days, or such longer period as may be stipulated by the common council, the council or other public body or officer, may take final action without it.

void the disputed sale. However, the trial judge did not, either during trial or in his findings of fact and conclusions of law, determine that the requirements of sec. 62.-23(5), Stats., should have been met. This was a sale of property by the village for industrial development. It does not fall within the scope of sec. 62.23(5), Stats. The trial judge's decision rested solely upon the parties' contractual language. The statute was not relied upon. Therefore, Anderson's contention is without merit.

Anderson lastly challenges the sufficiency of the evidence to support the trial court's findings. When a trial judge acts as the finder of fact, he or she acts as the ultimate arbiter of the credibility of witnesses. *Bank of Sun Prairie v. Opstein,* 86 Wis.2d 669, 676, 273 N.W.2d 279, 282 (1979). When more than one reasonable inference may be drawn from the credible evidence, a reviewing court must accept the inference drawn by the trial court. *Onalaska Electric Heating, Inc. v. Schaller,* 94 Wis.2d 493, 501, 288 N.W.2d 829, 833 (1980).

There is clearly sufficient evidence to support the judgment. The contract language was clear and unambiguous. Anderson did not complete construction within the alloted time, and the village was free to rescind and repurchase the land. Although Anderson presented evidence of waiver by the village, the trial judge found that no waiver occurred. This finding is not contrary to the great weight and clear preponderance of the evidence and must be affirmed.

*By the Court.*—Judgment affirmed.