COURT OF APPEALS
DECISION
DATED AND FILED

October 23, 2019

Sheila T. Reiff
Clerk of Court of Appeals

NOTICE

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2017AP2421**

STATE OF WISCONSIN

Cir. Ct. No. 2014CV449

IN COURT OF APPEALS
DISTRICT II

PERFECTION, LLC D/B/A CARL KRUEGER CONSTRUCTION, INC.,

PLAINTIFF-RESPONDENT,

LIBERTY MUTUAL GROUP INC.,

DEBTOR-RESPONDENT,

V.

EDWARD COLE, A/K/A CARL COLE D/B/A NORTH SHORE STATION,

DEFENDANT-APPELLANT,

NNS, LLC D/B/A NORTH SHORE STATION,

DEFENDANT,

CECOLE PROPERTIES, LLC,

DEBTOR.

APPEAL from a judgment of the circuit court for Waukesha County: PATRICK C. HAUGHNEY, Judge. *Affirmed and cause remanded with directions.*

Before Neubauer, C.J., Reilly, P.J., and Dugan, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Edward Cole appeals pro se from a judgment, which held him liable to Perfection, LLC. He seeks relief from the judgment and reversal of an earlier ruling that dismissed his cross-complaint against Liberty Mutual Group Inc. For the reasons that follow, we affirm. In addition, we grant Perfection's motion to find this appeal frivolous and remand to the circuit court to assess reasonable attorney fees against Cole.

¶2 This case arises out of a fire loss that occurred at Cole's laundromat business on January 12, 2013. Cole's business had insurance coverage with Liberty Mutual. In furtherance of his insurance claim, Cole submitted expenses relating to his retention of a restoration contractor (Perfection), which was then doing business as Carl Krueger Construction.[1]

¶3 After exchanging multiple emails, Cole and Liberty Mutual reached an agreement as to the final amount of the insurance claim. Liberty Mutual agreed to pay Cole a total of $298,232.99. In return, Cole signed a policy release in

---

[1] Carl Krueger Construction later assigned its contractual rights to Perfection.

which he agreed to release all claims against Liberty Mutual, including any extra contractual claims.

¶4      On February 28, 2014, Perfection filed suit against Cole for breach of contract, alleging that he had withheld payment for some of its work.  Cole filed counterclaims against Perfection, asserting breach of contract and breach of warranty.  He also filed a cross-complaint against Liberty Mutual, alleging that it had acted in bad faith.  In order to pursue this latter claim, Cole sought to rescind the policy release executed eight months earlier, claiming that he had signed it under duress.

¶5      Liberty Mutual moved for summary judgment, seeking dismissal of Cole's cross-complaint.  Following a hearing on the matter, the circuit court granted the motion.  The court refused to allow Cole to rescind the policy release because he did not, as a matter of law, show the elements necessary to establish duress.

¶6      The circuit court scheduled trial for the remaining parties for November 29, 2016.  Cole asked to postpone this date after his attorney successfully moved to withdraw from the case due to a breakdown in the attorney-client relationship.  The court granted the request and set a new trial date for April 18, 2017.

¶7      As the new trial date approached, Cole's new attorney also moved to withdraw, citing disagreement with Cole over strategy.  Cole asked the court to reject the motion; however, he also began acting pro se, submitting numerous filings.  Ultimately, the court denied counsel's motion, noting that it had "gone through this before" and wanted to keep the case on track.  Accordingly, it refused to consider Cole's pro se filings.

¶8      The matter proceeded to trial where a jury found Cole liable to Perfection for breach of contract and punitive damages.[2]  The jury rejected Cole's counterclaims against Perfection.

¶9      Cole subsequently moved for judgment notwithstanding the verdict (JNOV).  The circuit court denied the motion and entered judgment.  As part of the judgment, the court awarded Perfection costs and attorney fees.  This appeal follows.

¶10     On appeal, Cole seeks relief from the circuit court's judgment on several grounds.  He also seeks reversal of its earlier ruling that dismissed his cross-complaint against Liberty Mutual.  We address his arguments in turn.

¶11     Cole first contends that the underlying action violated his rights under federal law.  According to Cole, he could not pay Perfection the full amount of its work because Internal Revenue Service (IRS) rules required him to withhold monies unless and until he received Perfection's tax identification number.  In support of this argument, Cole cites conversations that he allegedly had with unidentified IRS agents.

¶12     The primary problem with Cole's first complaint is that it comes too late.  Cole did not remove the case to federal court on a theory of preemption.  Nor did he raise the withholding issue as an affirmative defense in his answer or in a

---

[2] The jury awarded punitive damages to Perfection after concluding that Cole had falsified portions of an exhibit (a change order) after the lawsuit began.

motion for summary judgment.[3] Consequently, Perfection's action was fully litigated in state court with the jury unaware of the issue. Under these circumstances, and considering the undeveloped nature of Cole's argument, we decline to grant him relief. *See Maclin v. State*, 92 Wis. 2d 323, 328-29, 284 N.W.2d 661 (1979) (claims will be deemed waived unless timely raised in the circuit court); *State v. Pettit*, 171 Wis. 2d 627, 646-47, 492 N.W.2d 633 (Ct. App. 1992) (rejecting undeveloped arguments).

¶13    Cole next asserts that the circuit court erred in refusing to consider his pro se filings. He notes that he had a constitutional right to self-representation and faults the court for failing to engage him in a colloquy under *State v. Klessig*, 211 Wis. 2d 194, 564 N.W.2d 716 (1997), which is designed to ensure a valid waiver of the right to counsel.

¶14    It is true that Cole had a constitutional right to self-representation in this case. *See* WIS. CONST. art. I, § 21(2). However, it is also true that he specifically asked the circuit court to reject his attorney's motion to withdraw. Once the court did that, it was under no obligation to consider Cole's pro se filings. *See Moore v. State*, 83 Wis. 2d 285, 297-302, 265 N.W.2d 540 (1978) (no right to hybrid representation at trial level). Likewise, the court was not required to engage Cole in a colloquy under *Klessig* because this was not a case where he had the right to counsel. *See Village of Big Bend v. Anderson*, 103 Wis. 2d

---

[3] Cole did raise the withholding issue in one of his pro se filings. However, those filings came well after the circuit court's deadline for submitting dispositive motions and shortly before the new trial date. The circuit court properly viewed the filings as a "sham" intended to "obstruct the judicial process."

403, 405, 308 N.W.2d 887 (Ct. App. 1981) (no constitutional right to counsel in a civil case).

¶15    Cole next maintains that the circuit court erred in denying his motion for JNOV. He renews his assertion that he was required to withhold monies from Perfection per IRS rules. He also offers another undeveloped argument about Perfection's alleged failure to mitigate damages.[4] Finally, he suggests that the court's award of costs and attorney fees was improper.

¶16    We review the circuit court's denial of a motion for JNOV de novo. *Hicks v. Nunnery*, 2002 WI App 87, ¶15, 253 Wis. 2d 721, 643 N.W.2d 809. "A motion for judgment notwithstanding the verdict accepts the findings of the verdict as true but contends that the moving party should have judgment for reasons evident in the record other than those decided by the jury." *Id.* "The motion does not challenge the sufficiency of the evidence to support the verdict, but rather whether the facts found are sufficient to permit recovery as a matter of law." *Id.*

¶17    We are not persuaded that the circuit court erred in denying Cole's motion for JNOV. Cole has not adequately developed any reasons for why he should have judgment in this case. As for costs and fees, both were properly awarded. Perfection was entitled to costs pursuant to WIS. STAT. § 814.01(1) (2017-18)[5] because it won a judgment in its favor. Meanwhile, it was entitled to

---

[4] The jury was instructed on the duty to mitigate damages. Thus, Cole was free to argue the issue at trial.

[5] All references to the Wisconsin Statute are to the 2017-18 version.

attorney fees because of the language of the contract.[6]  Cole made no settlement offers under WIS. STAT. § 807.01, which would affect these awards.

¶18     Lastly, Cole submits that the circuit court erred when it dismissed his cross-complaint against Liberty Mutual.  He accuses the court of failing to consider facts in support of his bad-faith claim.

¶19     We review a circuit court's decision on a motion for summary judgment de novo, applying the same standard  as the circuit court.  *Green Spring Farms v. Kersten*, 136 Wis. 2d 304, 315, 401 N.W.2d 816 (1987).  Summary judgment is appropriate if there are no genuine issues of material fact and one party is entitled to judgment as a matter of law.  WIS. STAT. § 802.08(2).

¶20     We are satisfied that the circuit court properly granted Liberty Mutual's motion for summary judgment.  Regardless of the merits of Cole's bad-faith claim, the policy release barred him from bringing it.  Cole has not advanced any reason for why he is not bound by that document;[7] thus, we decline to discuss the subject further.  *See Pettit*, 171 Wis. 2d at 646-47.

¶21     As a final matter, Perfection argues that this appeal is frivolous.  We agree.  Upon careful review, we are convinced that Cole knew or should have

---

[6] Paragraph 3 of the contract provides, "OWNER AGREES TO PAY ALL COSTS OF COLLECTION, INCLUDING REASONABLE ATTORNEY FEES."  The circuit court reached its award of reasonable attorney fees ($100,000) after considering the applicable statutory factors of WIS. STAT. § 814.045(1).  No basis exists to disturb its exercise of discretion.

[7] Cole makes no mention of duress in the argument section of his brief.  We therefore deem that issue abandoned.  *See A.O. Smith Corp. v. Allstate Ins. Cos.*, 222 Wis. 2d 475, 491, 588 N.W.2d 285 (Ct. App. 1998) (issue raised before the circuit court but not raised on appeal is deemed abandoned).

known that the entire appeal was without any reasonable basis in law and could not be supported by a good-faith argument for extension, modification, or reversal of existing law. *See* WIS. STAT. RULE 809.25(3). We therefore grant Perfection's motion and remand to the circuit court to assess reasonable attorney fees against Cole.[8]

*By the Court*.—Judgment affirmed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

---

[8] To the extent we have not addressed any other argument raised by Cole on appeal, the argument is deemed rejected. *See* **State v. Waste Mgmt. of Wis., Inc.**, 81 Wis. 2d 555, 564, 261 N.W.2d 147 (1978) ("An appellate court is not a performing bear, required to dance to each and every tune played on an appeal.").